**PACIFIC AND SOUTHERN COMPANY, INC., d/b/a WXIA–TV**

v.

**Carol DUNCAN, d/b/a TV News Clips.**

**Civ. No. C81–1106.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 7, 1985.

James C. Rawls, V. Robert Denham, Jr., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

L. Ray Patterson, Emory Law School, Atlanta, Ga., Lynwood A. Maddox, Decatur, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the court for entry of a permanent injunction following a partial reversal and remand with directions issued by the United States Court of Appeals for the Eleventh Circuit. *Pacific and Southern Co., Inc. v. Duncan*, 744 F.2d 1490 (11th Cir.1984).

Following receipt of the remittitur, the court met with counsel for the parties. The parties attempted to prepare a consent order for entry by the court, but were unable to agree on the form of an order. The parties have submitted for the court's consideration two widely differing proposed injunctive orders.

█ In fashioning an injunction in this case, the court must be guided by two considerations. First, any injunction must strictly comply with the direction of the Court of Appeals. Secondly, any injunctive order must give specific, clear instructions to the Defendant. Fed.R.Civ.P. 65(d). It would be inappropriate to generally enjoin "any infringement" of WXIA's copyright, and similarly inappropriate to generally exempt from the injunction copying of any "uncopyrightable material."

As stated in the Court of Appeals' opinion, WXIA erases its program videotapes 7 days after the broadcast. However, it retains a written transcript of the program for a year, an audiotape of the program for an indefinite period of time, and videotape copies of all news stories taped before broadcasts and stories originating live from a location outside the studio. 744 F.2d at 1493. Therefore, even after the videotape of the entire program is erased, WXIA is in a position to reconstitute its newscast except for any visual elements which were broadcast live from within the studio during the newscast. It is apparent that these visual elements would vary from one newscast to the next, both in quantitative and qualitative terms. For example, some newscasts would have more time dedicated to the live presentation of news by the news desk "anchor person" than would others.

█ WXIA has suggested, in its proposed injunctive order, that the court treat as abandoned the visual aspect of the news desk part of each newscast. In other words, it stipulates that News Clips could photograph the anchorperson seated at the news desk (because that film footage is discarded by WXIA after a week), but not make any tape recording of the words spoken by the anchor person or reporter (because an audiotape is retained indefinitely). Such right to photograph, however, would be of no utility to News Clips, which is seeking to sell the informational aspect of the newscast which applies to a particular customer. Similarly, the court determines that other live visual aspects of the newscast which are not retained by the station beyond 7 days (primarily the printed captions) are of such an insubstantial nature standing alone they would be of no real interest to News Clips' customers.[1] Accordingly, the court will not exempt from the injunctive order issued herein any abandoned portions of WXIA's broadcasts.

---

1. News Clips' proposed injunctive order does not request that the court exempt from any

injunction the abandoned aspects described.

The court has discussed with counsel the question whether the injunctive order should exempt any portion of the newscast on the basis of subject/format considerations. As stated in this court's original order, newscasts frequently include film footage of public events, for example, a news conference held by President Reagan. The taping of such an event by a news crew involves limited creative judgments and the value of such information to the public is presumptively high. However, it would be difficult to identify exactly which such events would be protected and to describe them with the required specificity. For example, would a station reporter's interview of the president of a large public utility be entitled to such protection?

The court finds, however, that it need not deal with this issue. The Court of Appeals affirmed this court's ruling that News Clips' copying and selling WXIA's newscasts violated WXIA's copyright. In reversing the determination that injunctive relief was inappropriate, the Court of Appeals expressly held that this court had abused its discretion in applying First Amendment considerations differently as between the liability and relief aspects of the case. The Court of Appeals stated in part:

> The scope of liability affects First Amendment interests, but the choice of the form of relief in this case does not.

744 F.2d at 1500. This holding is the law of the case, and the court concludes that it is not free to exempt portions of broadcasts on a subject/format basis.

Finally, News Clips asserts that the court should enjoin it not from copying the newscasts, but only from selling them. News Clips points out that in *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984), the Supreme Court held that copying for personal use is not a violation of the copyright laws. According to News Clips' letter brief, it now desires to videotape WXIA's newscasts, and use the videotape only to prepare a written summary which can be sold to clients.

The court rejects News Clips' argument. First, it finds that the Supreme Court did not rule so broadly in *Sony* as News Clips suggests. Rather, the Supreme Court focused on the non-commercial nature of videotaping for personal home use. The Court specifically stated that if a videorecorder "were used to make copies for a commercial or profit making purpose, such use would presumptively be unfair." 104 S.Ct. at 792. Furthermore, the Court of Appeals, applying *Sony*, expressly held that the Defendant's *videotaping* violated WXIA's copyright. The Court of Appeals' ruling was not limited merely to *sales* of copyrighted material.

Accordingly, the court hereby issues the following injunction: TV News Clips,[2] Carol Duncan, and all persons acting in concert with them, or either of them, are hereby permanently RESTRAINED AND ENJOINED from copying or selling copies of WXIA–TV's broadcast news programs, in whole or in part.

---

**2.** "TV News Clips" expressly includes TV News Clips of Atlanta, Inc., which the court has been informed is the corporate successor in interest to Carol Duncan, d/b/a TV News Clips.