**PACIFIC AND SOUTHERN COMPANY, INC., d/b/a WXIA–TV Plaintiff-Appellee,**

**v.**

**Carol DUNCAN, d/b/a TV News Clips, Defendant-Appellant.**

**No. 85–8935.**

United States Court of Appeals, Eleventh Circuit.

June 27, 1986.

L. Ray Patterson, Atlanta, Ga., for defendant-appellant.

James C. Rawls, Atlanta, Ga., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

PER CURIAM:

In 1984, this Court determined that appellant Carol Duncan, who operated a business known as TV News Clips, violated copyright law by videotaping WXIA–TV Atlanta news broadcasts and selling the tapes. *Pacific and Southern Company v. Duncan,* 744 F.2d 1490 (11th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1867, 85 L.Ed.2d 161 (1985). On remand, the lower court issued the following injunction against Ms. Duncan: "TV News Clips, Carol Duncan, and all persons acting in concert with them, or either of them, are hereby permanently RESTRAINED and ENJOINED from copying or selling copies of WXIA–TV's broadcast news programs, in whole or in part." *Pacific and Southern Co. v. Duncan,* 618 F.Supp. 469, 471 (N.D. Ga.1985).

Appellant returns to this Court to contest the terms of this injunction. We AFFIRM the judgment of the court below.

Appellant maintains that the injunction is overbroad for several reasons. Two of her arguments—that the injunction may not protect future news broadcasts by WXIA absent registration of copyright, and that the injunction chills public access to the news—have been previously reviewed and rejected by this Court. *See Duncan,* 744 F.2d, at 1499 n. 17 and 1498–1499. We will not reconsider those issues here.

Appellant further argues that the injunction sweeps too broadly by providing copyright protection to portions of the appellee's newscast that may not be copyrighted by WXIA—that is, pre-existing news reports produced by other stations, "government works" and commercials. However, we do not read the injunction against copying or selling "WXIA–TV's broadcast news programs" to preclude Ms. Duncan from taping any uncopyrightable work aired on the WXIA broadcasts—although it is difficult to imagine how Ms. Duncan could profit from this narrow class of material.[1] Indeed, we have seen no indication that the appellant does wish to tape these segments. We will not require the district court to list every minute or hypothetical exception to its injunctive order when the thrust of that order is clear.

Ms. Duncan's professed concern that the injunction prohibits her from taping material abandoned by WXIA is similarly hypothetical. The record reflects that such material is minimal; indeed, Ms. Duncan could at best make only soundless video recordings of segments in which news anchors speak in the studio (since audio tapes and transcripts of the entire broadcast, and videotapes of non-studio reports are preserved by the station). The district court did not abuse its discretion in determining that "[s]uch a right to photograph ... would be of no utility to News Clips" and thus declining to exempt abandoned portions from its injunctive order. *Duncan,* 618 F.Supp. at 470. "[F]raming an injunction appropriate to the facts of a particular case is a matter peculiarly within

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Commercials and pre-existing news reports that cannot be copyrighted by WXIA may still be subject to protection by other advertisers, reporters or broadcasters. The "government works" exception under 17 U.S.C.A. § 105, which provides that "[c]opyright protection under this title is not available for any work of the United States government," would apply only rarely. Television interviews with or speeches by public officials, for example, seem to us more likely to qualify as the work of WXIA staff—who make audio, filming and editing choices in the presentation of this material— than the work of the government.

the discretion of the district judge." *Gore v. Turner*, 563 F.2d 159, 165 (5th Cir.1977).

Finally, appellant argues that the court's order enjoining her from "copying *or* selling copies"—rather than "copying *and* selling copies"—improperly prohibits her from taping WXIA newscasts under *any* circumstances. Ms. Duncan maintains in her brief on appeal that she would like to make personal copies for home use, and in oral argument she adds that she may wish to tape newscasts in order to provide summaries to clients commercially. We think it unnecessary to alter the wording of the injunction. It is tailored to prohibit the specific infringement actually engaged in by News Clips and addressed by this Court and the court below. We do not read the injunction to prohibit copying for personal use. As for the future possibility that Ms. Duncan may wish to provide news summaries to clients as a "broadcast monitor," we must decline to offer an advisory opinion. We can only reiterate our original statement that "a commercial purpose makes copying onto a videotape cassette 'presumptively unfair.'" *Duncan*, 744 F.2d at 1496.

AFFIRMED.