**A & N MUSIC CORP., Mitch Leigh, Joe Darion, Helena Music Corp., Andrew Scott Inc., Octave Music Corp., Famous Music Corp. and Warner Bros., Inc., Plaintiffs,**

v.

**Salvatore VENEZIA, Defendant.**

Civ. A. No. 89–6226.

United States District Court, E.D. Pennsylvania.

Feb. 16, 1990.

Nina M. Gussack, Philadelphia, Pa., for plaintiffs.

MEMORANDUM AND ORDER

HUYETT, District Judge.

This is a copyright infringement case filed by plaintiffs on August 25, 1989. Defendant was served with a copy of the summons and complaint three days later, *see* Exhibit A to Plaintiffs' Motion for Default Judgment, but he failed to answer or otherwise respond to plaintiffs' complaint as required by the Federal Rules of Civil Procedure. F.R.Civ.Proc. 12(a) ("A defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant. ...").

Upon the request of plaintiffs, the Clerk entered default against defendant pursuant to F.R.Civ.Proc. 55(a) on October 10, 1989. Plaintiffs now seek the entry of a default judgment pursuant to F.R.Civ.Proc. 55(b)(2). To compensate themselves properly and deter defendant from future violations of the copyright laws, plaintiffs ask the Court to: (a) enjoin possible future infringements by defendant; (b) award statutory damages in the amount of $2,500 per cause of action; and (c) award reasonable costs, including attorney's fees, to plaintiffs. I have jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

The well-pled facts of plaintiffs' complaint and affidavits attached to plaintiffs' motion for entry of a default judgment can be summarized as follows. Defendant is the owner of a business, The Vineyards, in Bethlehem, Pennsylvania which provides musical entertainment to the public. Since defendant's place of business opened in 1985, the American Society of Composers, Authors & Publishers (ASCAP)[1] attempted to arrange a licensing agreement with defendant so that he could publicly perform copyrighted songs of ASCAP members lawfully. However, defendant refused to enter into the licensing arrangement proposed by ASCAP.

Following numerous unsuccessful efforts to arrange an agreement with defendant amicably, ASCAP engaged independent investigators to determine whether defendant's establishment was performing the music of any of ASCAP's members. On April 21, 1989, two investigators visited The Vineyards. Between the hours of 6 p.m. and 11 p.m., the investigators witnessed the performance of five songs for which ASCAP has a non-exclusive license. Plaintiffs, the holders of the copyrights of these five compositions, filed this action to recover for defendant's infringement of their copyrighted works.[2]

Had defendant been properly licensed with ASCAP from July 1, 1985 (the approximate date The Vineyards commenced doing business) to the end of 1989, he would have paid approximately $1313 to ASCAP in licensing fees. In addition, ASCAP expended $252 in obtaining the evidence of defendant's infringement.

Defendant continues to operate his business without a license with ASCAP or individual licenses with plaintiffs.

## I.

■ To establish a cause of action for copyright infringement, a plaintiff must prove the following facts: (i) the originality and authorship of the composition involved; (ii) compliance with all formalities to secure a copyright; (iii) that the plaintiff is the proprietor of the composition involved in the action; (iv) that the composition was performed publicly for profit at the location alleged; and (v) that the defendant did not have permission from any of the plaintiffs or a representative of the plaintiffs for the performance. *See Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.,* 657 F.Supp. 1016, 1020 (S.D.Miss.1987); *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980). Impor-

---

**1.** ASCAP had a non-exclusive right to license the non-dramatic performances of plaintiffs' copyrighted compositions. ASCAP represents numerous song writers in addition to plaintiffs, and offers a bulk license to perform any of the copyrighted works of its members. This is the type of arrangement offered to defendant.

**2.** The five musical compositions which are the subject of this action are as follows: "You Light Up My Life", "The Impossible Dream (The Quest)", "Misty", "Speak Softly Love (Love Theme from The Godfather)", and "As Time Goes By".

tantly, a person may be liable for copyright infringement even though he or she did not perform the composition himself or herself. *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1161–62 (2d Cir.1971). Therefore, as owner and manager of The Vineyards, defendant can be held liable for infringement in this case. *See Halnat Publishing Co. v. L.A. P.A., Inc.*, 669 F.Supp. 933, 935–37 (D.Minn.1987); *see also Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir.1963); *Milene Music, Inc. v. Gotauco*, 551 F.Supp. 1288, 1295 (D.R.I. 1982).

Because the defendant has failed to plead or otherwise defend this action, a default judgment is appropriate and should be entered.[3] *See Halnat Publishing Co.*, 669 F.Supp. at 935. Rule 8(d) of the Federal Rules of Civil Procedure provides as follows:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading....

Therefore, the averments of copyright infringement in plaintiffs' complaint are deemed admitted.

The first three elements of infringement are established by Schedule A attached to plaintiffs' complaint and incorporated therein by reference. The schedule contains the name of each music composition and its respective author and publisher as well as the date of registration, registration number, and a specific date of infringement. The fourth element, that the compositions were performed publicly for profit at defendant's establishment, is satisfied by the unanswered allegations of plaintiffs' complaint and the affidavit of William Fielder, District Manager of ASCAP. Finally, Mr. Fielder's affidavit also establishes the fifth element, that the compositions were performed without permission.

## II.

Having concluded that plaintiffs have established five acts of copyright infringement, I move to plaintiffs' request for a permanent injunction. The Copyright Act of 1976 provides as follows:

> Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions in such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a). Any such injunction is operable throughout the United States and is enforceable, through contempt proceedings or otherwise, by any United States court having jurisdiction over the person enjoined. *See* 17 U.S.C. § 502(b).

When past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer. *See Pacific and Southern Co. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1867, 85 L.Ed.2d 161 (1985); *Halnat Publishing Co.*, 669 F.Supp. at 938; *Milene Music, Inc.*, 551 F.Supp. at 1295. However, any injunctive order must give clear and specific instructions to the defendant as to the prohibited activity. *See* F.R. Civ.Proc. 65(d).

In the case at bar, plaintiffs have established liability as well as a threat of continuing infringement in light of defendant's disregard of ASCAP's repeated warnings concerning the need to have a proper licensing agreement. Therefore, I shall enjoin defendant from publicly performing plaintiff's copyrighted works. Further, defendant shall be enjoined from causing or permitting these musical compositions to be publicly performed at The Vineyards or any other establishment owned, controlled, operated or managed by defendant. This prohibition shall remain in effect until defendant enters into a proper licensing agreement with ASCAP and pays licensing

---

**3.** I note that F.R.Civ.Proc. 55(b)(2) permits the trial judge to hold any hearings necessary to assess damages or establish the truth of any averments by evidence. However, because I do not consider it necessary to do so in this case, I decline to conduct such a hearing.

fees for the right to perform ASCAP-member copyrighted musical compositions. However, it would be inappropriate to enjoin defendant "from publicly performing all of ASCAP's members' copyrighted works" without evidence of infringement upon other works as suggested by plaintiffs. *Cf. Pacific and Southern Company, Inc. v. Duncan*, 618 F.Supp. 469, 470 (N.D.Ga.1985) (on remand), *aff'd*, 792 F.2d 1013 (11th Cir.1986).

## III.

Plaintiffs also seek an award of statutory damages, attorney's fees and costs.

An infringer of a copyright is liable for statutory damages *or* the copyright holder's actual damages plus any additional profits of the infringer. 17 U.S.C. § 504(a). The holder of the copyright may select the type of damages which shall apply to the case. 17 U.S.C. § 504(b) and (c). In this case, the plaintiff copyright owners have elected to recover an award of statutory damages. Statutory damages may range from $500 to $20,000 for each copyright infringement. 17 U.S.C. § 504(c)(1). If the infringement is willful, an award of statutory damages may be increased to $50,000. 17 U.S.C. § 504(c)(2). Within these restrictions, the assessment of damages rests within the sound discretion of the trial judge. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952); *Boz Scaggs Music*, 491 F.Supp. at 914.

■ In determining the measure of statutory damages to award to plaintiffs, I must consider the following factors: "(i) the expenses saved and profits reaped by defendants in connection with the infringement; (ii) revenues lost by the plaintiffs; and (iii) whether the infringement was willful and knowing, or whether it was accidental and innocent." *Milene Music, Inc.*, 551 F.Supp. at 1296 (citing *Boz Scaggs Music*, 491 F.Supp. at 914).

The courts have applied many standards as a guideline in the imposition of statutory damages. Running through them as a common thread is the principle that defendant should not reap a benefit from its violation of the copyright laws, that statutory damages should exceed the unpaid license fees "so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them." *Music City Music v. Alfa Foods, Ltd.*, 616 F.Supp. 1001, 1003 (E.D.Va.1985). Furthermore, they serve the strong public interest in ensuring integrity of copyright laws. *Rodgers v. Eighty Four Lumber Co.*, 623 F.Supp. 889, 892 (W.D.Pa.1985); *see also Iowa State University Research Foundation, Inc. v. ABC, Inc.*, 475 F.Supp. 78, 83 (S.D.N.Y.1979) (the defendant "cannot expect to pay the same price in damages as it might have paid after freely negotiated bargaining, or there would be no reason scrupulously to obey the copyright law.").

■ In the case at bar, the defendant saved approximately $1313 by not paying licensing fees to ASCAP for the period from July 1, 1985 through 1989. However, the amount of actual revenues lost by the individual plaintiffs and the amount of profits reaped by defendant as a result of the infringement is not known. As stated above, defendant's infringement was willful and knowing. ASCAP's repeated attempts to arrange for a licensing agreement with defendant were unsuccessful. From ASCAP's correspondence directed to defendant, he was made aware that he was infringing on plaintiffs' works.

Plaintiffs argue that damages in the amount of $12,500 ($2,500 per infringement) should be awarded in this case. This would be nearly ten times the licensing fees which would have been paid to ASCAP since the opening of defendant's business. I decline to impose damages in this amount. Instead, I will award damages in favor of plaintiffs in the amount of $1,000 per act of infringement for a total of $5,000 in statutory damages. I feel that this amount will be adequate to place defendant on notice that he must obey the copyright laws, and sufficiently protect the copyrights held by the plaintiffs.

The Copyright Act also provides that the court may, in its discretion, allow the recovery of full costs and attorney's fees to the

prevailing party. 17 U.S.C. § 505; *see also Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir.1986); *Halnat Publishing Co.*, 669 F.Supp. at 938. In *Lieb*, the Third Circuit set forth the following factors to be considered when determining whether to award attorney's fees:

> [W]e do not require bad faith, nor do we mandate an allowance of fees as a concomitant of prevailing in every case, but we do favor an evenhanded approach. Factors which should play a part include frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. We expressly do not limit the factors to those we have mentioned....

*Lieb*, 788 F.2d at 156.

As previously stated, the defendant knowingly infringed upon the copyrights held by plaintiffs, and rebuked numerous attempts by ASCAP to avoid the need for litigation. Moreover, defendant, properly served with process in this case, has failed to appear before this court to offer an explanation for his conduct. Defendant's conduct has forced this legal action which I have found to be meritorious. Moreover, an award of attorney's fees and costs will: (1) deter future copyright infringement, *Quinto v. Legal Times of Washington, Inc.*, 511 F.Supp. 579, 581 (D.D.C.1981); (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works, *Blumcraft of Pittsburgh v. Newman Brothers, Inc.*, 337 F.Supp. 859, 863 (S.D.Ohio 1971); and (3) penalize the losing party and compensate the prevailing party. *Boz Scaggs Music*, 491 F.Supp. at 915. Plaintiffs have submitted an affidavit which establishes costs in the amount of $274.39 and attorney's fees in the amount of $772.50. I conclude that these amounts are reasonable and justified under the circumstances of this case, and will award costs and attorney's fees to plaintiffs in the total amount of $1,046.89.

## IV.

For the reasons stated above, a judgment of default shall be entered against defendant. Defendant shall be enjoined from future acts of infringement upon plaintiffs' copyrighted works. Statutory damages in the amount of $5,000 shall be awarded to plaintiffs for each of the five acts of infringement. Attorney's fees and costs sought will be awarded in favor of plaintiffs in the amounts requested.

An appropriate order follows.

## ORDER

Upon consideration of plaintiffs' Motion for Entry of a Default Judgment and the attached memorandum and supporting affidavits, the plaintiffs' complaint, and for the reasons stated in the attached memorandum, it is ordered as follows:

(1) Plaintiffs' Motion for Entry of a Default Judgment is GRANTED;

(2) Damages of $1,000 per infringement or a total of $5,000 is assessed against defendant;

(3) Plaintiffs are awarded attorney's fees in the amount of $772.50 and costs in the amount of $274.39;

(4) Defendant is permanently enjoined from performing plaintiffs' copyrighted works, and from causing or permitting these musical compositions to be publicly performed in defendant's premises, or in any place owned, controlled or conducted by defendant, and from aiding or abetting the public performance of such compositions in any place or otherwise unless and until defendant enters into a licensing agreement and pays licensing fees for the rights to perform these works; and

(5) Judgment in the total amount of $6,046.89 shall be entered AGAINST defendant Salvatore Venezia and in FAVOR of all plaintiffs.

IT IS SO ORDERED.