**JASPERILLA MUSIC COMPANY, M.C.A., INC., Warner Brothers, Inc. and Bruce Springsteen, Plaintiffs,**

v.

**WING'S LOUNGE ASSOCIATION, Linda Burton, and James Tibbs, a/k/a Ward Tibbs, Defendants.**

**Civ. A. No. 92–1049.**

United States District Court, S.D. West Virginia, at Bluefield.

Sept. 30, 1993.

**160**

Daniel R. Schuda, Steptoe & Johnson, Charleston, WV, for plaintiffs.

No counsel, for defendants.

## MEMORANDUM OPINION AND FINDINGS

FABER, District Judge.

On January 7, 1993, plaintiffs, members of the American Society of Composers, Authors and Publishers ("ASCAP"), filed a motion for entry of default pursuant to the provisions of Rule 55(a) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). The defendants in this case have been properly served, but have failed to plead or otherwise defend this civil action within the time frame directed by this court. On January 22, 1993, the court entered the defendants' default pursuant to Fed.R.Civ.P. 55(a). On February 12, 1993, the plaintiffs moved for default judgment based on the court's Order of January 22, 1993, and Fed.R.Civ.P. 55(b)(2).

Plaintiffs initially filed this action on November 16, 1992, alleging copyright infringements under Title 17 of the United States Code. A summary of the alleged violations are set forth in Schedule A attached to the Complaint. The plaintiffs maintain three causes of action for copyright infringement based on the defendants' unsanctioned public performances of copyrighted musical compositions. The plaintiffs seek the following remedies embodied in 17 U.S.C. §§ 502, 504 and 505: (1) an injunction prohibiting further infringing performances of any copyrighted musical compositions in the ASCAP repertory; (2) statutory damages in the amount of not less than $500 or more than $20,000 in each cause of action; and (3) costs, including reasonable attorneys' fees.

Under the Copyright Act, this court is empowered to grant permanent or temporary injunctions to prevent continued

infringement of a copyright. The pertinent portion of Title 17, § 502(a) states: "[A]ny court having jurisdiction of a civil action arising under this Title may ... grant temporary and final injunctions on such terms as it may deem reasonable to *prevent or restrain infringement of a copyright.*" Injunctive relief is appropriate in cases where the nature of the infringement prevents the plaintiffs from obtaining an adequate remedy at law. *Broadcast Music, Inc. v. Niros Palace, Inc.,* 619 F.Supp. 958 (N.D.Ill.1985). *See also, Illinois Bell Telephone Co. v. Haines and Co.,* 744 F.Supp. 815, 821 (N.D.Ill.1989); *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 914 (D.Conn.1980). A permanent injunction is especially appropriate where a threat of continuing infringement exists. *Broadcast Music, Inc.,* 619 F.Supp. at 963.

■ In this case, there is a substantial threat of continuing copyright infringement. ASCAP representatives have contacted the defendants on at least thirteen different occasions in order to discuss the defendants' unauthorized performances of ASCAP's copyrighted musical compositions. Despite these contacts, the defendants have continued to allow unauthorized performances of copyrighted compositions on its premises. The defendants' behavior indicates a willful disregard of the copyrights held by ASCAP. Consequently, the court hereby permanently enjoins the defendants from publicly performing, or aiding and abetting such performances, until a license to perform such compositions is obtained.

Applicable copyright law also provides for statutory damages pursuant to 17 U.S.C. § 504(c)(1). Section 504(c)(1) provides: "... [T]he copyright owner may elect ... instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, ... in a sum of not less than $500 or more than $20,000 as the court considers just."

Plaintiffs have offered no proof of actual damages, instead, they entreat this court, in its discretion, to award statutory damages. Plaintiffs urge the court to award damages of $1,500 per infringement, for a total of $4,500. In support of this request, plaintiffs rely on the affidavit of James M. Hudak, the District

Office Manager for ASCAP. Mr. Hudak estimates that, "if properly licensed by ASCAP to date, the defendants would owe approximately $1,770 in license fees. (The applicable fee for an ASCAP license for Wing's Lounge would be $875.00 per year.) In addition, defendants' unlawful conduct has required ASCAP to incur $308.19 in out-of-pocket expenses, representing the costs of engaging investigators to obtain evidence of defendants' unlawful performances of ASCAP's members' music."

■ In copyright cases, awarding statutory damages lies within the court's sound discretion and sense of justice. *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952). Courts ought to award statutory damages to deter future copyright infringements. *Music City Music v. Alfa Foods, Ltd.,* 616 F.Supp. 1001 (D.C.Va.1985). In determining the exact measure of statutory damages to award, the following factors are weighed: (1) the expenses saved and profits reaped by defendants in connection with the infringements; (2) revenues lost by the plaintiffs; and (3) whether the infringement was wilful and knowing or whether it was accidental and innocent. *A & N Music Corp. v. Venezia,* 733 F.Supp. 955 (E.D.Pa. 1990). *See also, Boz Scaggs Music,* 491 F.Supp. at 914.

■ In the case at bar, the exact profits reaped by the defendant as a result of the infringements are not known; however, what is known is that ASCAP was unduly deprived of its licensing fee of approximately $1,770.00. Moreover, despite ASCAP's repeated attempts to enter into a licensing agreement, the defendants' repeatedly infringed on ASCAP's exclusive copyrights. Hence, defendants' infringements were not accidental or innocent. Instead, the infringements were willful and knowing violations of the copyright laws. Consistent with the pertinent case law and insofar as possible, the court has attempted to fashion a remedy which puts the defendants on notice that it costs less to obey the copyright laws than to violate them. *A & N Music Corp.,* 733 F.Supp. at 958.

Accordingly, the court finds, exercising its discretion pursuant to Title 17 of the Copyright Act, and based upon the record in this case, that there have been three willful infringements of plaintiffs' copyrights in this case. The court further finds that plaintiffs are entitled to statutory damages in the amount of $1,500 per infringement, for a total award of $4,500 and that the sum is an appropriate amount to deter the defendants from continuing their infringing conduct and to sufficiently protect the copyrights held by the plaintiffs.

■ Lastly, plaintiffs have asked that a reasonable attorneys' fee be awarded in this case. Title 17, § 505 of the Copyright Act states: "The court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof ... the court may also award a reasonable attorneys' fee to the prevailing party as part of the cost." A more liberal approach must be taken in copyright actions in determining when attorneys' fees are appropriate. The court, however, need not find the case 'exceptional' to award attorneys' fees. *C.J.C. Holdings, Inc. v. Wright and Lato, Inc.,* 979 F.2d 60 (5th Cir.1992). In fact, attorneys' fees in copyright actions are "the rule rather than the exception." *C.J.C. Holdings,* 979 F.2d at 65; *Micro Manipulator Co. v. Bough,* 779 F.2d 255, 259 (5th Cir.1985).

The court, having found the defendants to be in willful and knowing violation of the copyright laws, is inclined to grant the plaintiffs' motion for costs, including attorneys' fees. However, plaintiffs' memorandum in support of its motion for entry of default judgment and the accompanying affidavits supporting said motion, do not detail what a reasonable attorneys' fee would be in this case. Therefore, plaintiffs are instructed to submit, within ten days of the entry hereof, a detailed bill of costs, including attorneys' fees, pursuant to Local Rule 3.05. Failure to timely do so will constitute a waiver as to the attorneys' fees.