## F. W. WOOLWORTH CO. *v.* CONTEMPORARY ARTS, INC.

No. 42. Argued November 17, 1952.—Decided December 22, 1952.

*Kenneth W. Greenawalt* argued the cause for petitioner. With him on the brief were *Martin A. Schenck* and *John H. Barber.*

*Cedric W. Porter* argued the cause for respondent. With him on the brief was *Harry F. R. Dolan*.

MR. JUSTICE JACKSON delivered the opinion of the Court.

Respondent brought this action under the Copyright Act to recover for infringement of copyright on a work of art entitled "Cocker Spaniel in Show Position." The District Court found the copyright, of which respondent was assignee, valid and infringed and awarded statutory damages of $5,000, with a $2,000 attorney's fee. The Court of Appeals affirmed.[1] We granted certiorari,[2] limiting the issues to the measure of the recovery, as to which conflict appears among lower courts.[3]

Respondent made small sculptures and figurines, among which were statues of the cocker spaniel, and marketed them chiefly through gift and art shops. Petitioner, from a different source, bought 127 dozen cocker spaniel statuettes and distributed them through thirty-four Woolworth stores. Unbeknown to Woolworth, these dogs had been copied from respondent's and by marketing them it became an infringer.

By the Act an infringer becomes liable—

> "To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only, and the defendant shall be required to prove every element of cost which he

---

[1] 193 F. 2d 162.

[2] 343 U. S. 963.

[3] *F. W. Woolworth Co.* v. *Contemporary Arts,* 193 F. 2d 162, 167–169; *Sammons* v. *Colonial Press,* 126 F. 2d 341, 350; *Davilla* v. *Brunswick-Balke Collender Co.,* 94 F. 2d 567; *Malsed* v. *Marshall Field & Co.,* 96 F. Supp. 372, 376–377.

claims, or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated . . . and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. . . ." 17 U. S. C. § 101 (b).

Profits made by the petitioner from the infringement were sufficiently proved to enable assessment of that element of liability. Petitioner itself showed, without contradiction, that the 127 dozen dogs were bought at 60 cents apiece and sold for $1.19 each, yielding a gross profit of $899.16. The infringer did not assume the burden, which the statute casts upon it, of proving any other costs that might be deductible, so the gross figure is left to stand as the profit factor of the infringer's total liability.

As to the other ingredient in computing liability, damages suffered by the copyright proprietor, the record is inadequate to establish an actually sustained amount. Enough appears to indicate that real and substantial injury was inflicted. Respondent had gross annual income of about $35,000 and engaged only eight employees, indicating its small production. Its statuettes were of three media and prices: red plaster retailed at $4, red porcelain at $9, while a black and white porcelain brought $15. There was evidence that the cheaper infringing statuette was inferior in quality. Respondent proved loss of some customers and offered, but was not allowed, to show complaints from sales outlets about the Woolworth competition, decline in respondent's sales, and eventual abandonment of the line with an unsalable stock on hand. The trial judge excluded or struck most of this testimony on the ground that authority to allow statutory damages rendered proof of actual damage unnecessary. It might have been better practice to have received the evidence,

even if it fell short of establishing the measure of liability; for when recovery may be awarded without any proof of injury, it cannot hurt and may aid the exercise of discretion to hear any evidence on the subject that has probative value. However, petitioner cannot complain of this exclusion, which was in response to its objections. At length, the court said: "If you establish this was an infringement of copyright, it is inescapably clear there is enough evidence in this case upon which to predicate damage up to $5000. I don't think Mr. Barnes [counsel for defendant] disagrees with that, do you?" Mr. Barnes: "No, your Honor."

The court, having found infringement, accordingly allowed recovery of "statutory damages in the amount of Five Thousand Dollars ($5,000.) as provided by the Copyright Laws of the United States," with an injunction and attorney's fee.

Petitioner's contention here is that the statute was misapplied because its own gross profit of $899.16 supplied an actual figure which became the exclusive measure of its liability. It argues that an infringing defendant, by coming forward with an undisputed admission of its own profit from the infringement, can tie the hands of the court and limit recovery to that amount. We cannot agree.

In *Douglas* v. *Cunningham*, 294 U. S. 207, 209, we said:

> "The phraseology of the section was adopted to avoid the strictness of construction incident to a law imposing penalties, and to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits."

To fulfill that purpose, the statute has been interpreted to vest in the trial court broad discretion to determine whether it is more just to allow a recovery based on cal-

culation of actual damages and profits, as found from evidence, or one based on a necessarily somewhat arbitrary estimate within the limits permitted by the Act.

"In other words, the court's conception of what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, is made the measure of the damages to be paid, but with the express qualification that in every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling, but it has no discretion when proceeding under this provision to go outside of them." *L. A. Westermann Co.* v. *Dispatch Printing Co.*, 249 U. S. 100, 106–107.

Few bodies of law would be more difficult to reduce to a short and simple formula than that which determines the measure of damage recoverable for actionable wrongs. The necessary flexibility to do justice in the variety of situations which copyright cases present can be achieved only by exercise of the wide judicial discretion within limited amounts conferred by this statute. It is plain that the court's choice between a computed measure of damage and that imputed by statute cannot be controlled by the infringer's admission of his profits which might be greatly exceeded by the damage inflicted. Indeed sales at a small margin might cause more damage to the copyright proprietor than sales of the infringing article at a higher price.

Whether discretionary resort to estimation of statutory damages is just should be determined by taking into account both components and the difficulties in the way of proof of either. In this case the profits realized were established by uncontradicted evidence, but the court was

within the bounds of its discretion in concluding that the amount of damages suffered was not computable from the testimony. Lack of adequate proof on either element would warrant resort to the statute in the discretion of the court, subject always to the statutory limitations.

The case before us illustrates what capricious results would follow from the practice for which petitioner contends. It has admitted gross profits, which make no deduction for sales costs, overheads or taxes and, hence, may appear substantial on this particular record. But gross profits is not what a copyright owner is entitled to recover, but only such profits as remain after the defendant reduces them, as it may, by proof of allowable elements of cost. If we sustain petitioner's contention that profits may be the sole measure of liability as matter of law, such profits could be diminished even to the vanishing point.

Net profits realized by a far-flung distributing enterprise like Woolworth's upon sales of a given item in a few of its many stores can be calculated only by a process of allocating overheads, sales expenses, taxes, and a host of items. A plaintiff in the position of the present one could hardly verify or contest such apportionments unless it should audit the whole Woolworth business.

Moreover, a rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy.

Petitioner cites *Sheldon* v. *Metro-Goldwyn Pictures Corp.*, 309 U. S. 390, 399, where this Court said that the "in lieu" clause "is not applicable here, as the profits have been proved and the only question is as to their apportionment," a statement on which petitioner leans almost its whole weight. There net profits from exhibition of an infringing picture were found to be $587,604.37. The copyright owner could show no such value to himself of his copyright; indeed, he had negotiated its sale at $30,000. The Court of Appeals cut the award of these actual profits to one-fifth thereof, upon the ground that success of the picture had been largely due to factors not contributed by the infringement. The propriety of this reduction was the sole issue before this Court. Petitioner copyright owner asserted that in such circumstances the "in lieu" clause "is not involved here." This Court agreed that under those facts resort to the statute was not appropriate. That case did not present the question now here. Nor does anything in *Jewell-LaSalle Realty Co.* v. *Buck,* 283 U. S. 202, in the light of its facts, support petitioner. It holds use of the "in lieu" clause permissible, "there being no proof of actual damages," but it does not hold that partial or unacceptable proof on that subject will preclude resort to the "in lieu" clause.

We think that the statute empowers the trial court in its sound exercise of judicial discretion to determine whether on all the facts a recovery upon proven profits and damages or one estimated within the statutory limits is more just. We find no abuse of that discretion.

The judgment below is

*Affirmed.*

MR. JUSTICE BLACK, with whom MR. JUSTICE FRANKFURTER concurs, dissenting.

The earthenware dogs found to infringe respondent's copyright were bought by F. W. Woolworth Company in

good faith at a total cost of $914.40. Woolworth's total profit from the sale of the dogs was $899.16. The Court now holds that Woolworth must pay the dogs' copyright owner $5,000. This award is said to be allowed by § 101 (b) of the Copyright Act, 17 U. S. C. § 101. We do not think that section authorizes any such manifestly unjust exaction. This Court pointed out in *Sheldon* v. *Metro-Goldwyn Pictures Corp.*, 309 U. S. 390, 400–401, that § 101, like an analogous patent law section, was not intended to award a copyright owner both damages and profits, but only "one or the other, whichever was the greater." Under this rule, profits only should be awarded to respondent in this case.

Reliance for awarding $5,000 against Woolworth is naturally placed on that provision of § 101 (b) which provides for damages not in excess of $5,000 "in lieu of actual damages and profits." But this Court has said that the purpose of this section was to recompense for injury done "where the rules of law render difficult or impossible proof of damages or discovery of profits." *Douglas* v. *Cunningham*, 294 U. S. 207, 209. Here proof of profits was neither difficult nor impossible. And in the carefully considered case of *Sheldon* v. *Metro-Goldwyn Pictures Corp., supra,* at 399, Mr. Chief Justice Hughes speaking for the Court declared, ". . . the 'in lieu' clause is not applicable here, as the profits have been proved . . . ." See also to the same effect *Davilla* v. *Brunswick-Balke Collender Co.*, 94 F. 2d 567; *Sammons* v. *Colonial Press*, 126 F. 2d 341. We would adhere to this view and limit this recovery to profits made by Woolworth. This Court should heed the admonition given in the *Sheldon* case to remember that the object of § 101 (b) is not to inflict punishment but to award an injured copyright owner that which in fairness is his "and nothing beyond this." *Sheldon* v. *Metro-Goldwyn Pictures Corp., supra,* at 399.

The following circumstances bear on the question of unfairness of the amount of damages awarded. Petitioner contended in the Court of Appeals that the district judge did not give it a fair and impartial trial. "In support of this contention," the Court of Appeals said, "the appellant points to several instances in the record of irrelevant and prejudicial comments and remarks" made by the trial judge. Considering the judge's remarks as "both unseemly and uncalled for," the Court of Appeals said:

"But after careful consideration of the record as a whole we have concluded that the particular remarks of the judge which would better have been left unsaid, and are better not quoted, do not rise to the seriousness of reversible error. Having regard for the convincing nature of the plaintiff's proof, and the unconvincing nature of that of the defendant, we do not feel that the decision reached by the court below can be attributed to bias and prejudice. That is to say, we feel that the defendant really had a fair and impartial trial." 193 F. 2d 162, 169.

We accept the Court of Appeals' appraisal of the consequences of the judge's remarks on the factual issue of copyright infringement. But here the trial judge gave judgment for statutory damages in an amount that smacks of punitive qualities. And this Court has held that the amount of such damages is committed to the unreviewable discretion of a trial judge. *Douglas* v. *Cunningham,* 294 U. S. 207, 210. In view of the remarks of the trial judge directed against the Woolworth Company, we think it had a just right to complain that the amount of damages imposed ought not to stand.

We would reverse and remand this case for a new trial by another judge.