**MELORI SHOE CORP., Plaintiff, Appellant,**

v.

**PIERCE & STEVENS, Defendant, Appellee.**

**No. 5246.**

United States Court of Appeals
First Circuit.

Nov. 22, 1957.

———◆———

Jerome P. Facher, Boston, Mass., with whom Haskell Cohn and Richard G. Mintz, Boston, Mass., were on brief, for appellant.

Frederick R. Walsh, Boston, Mass., with whom Charles S. Walkup, Jr., Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Plaintiff is a Massachusetts corporation engaged in the manufacture of women's shoes. For use in such manufacture, it purchased from defendant, a New York corporation, a certain quantity of Flexible Adhesive No. B-9072 and Flexible Adhesive No. B-9196. Plaintiff claimed that these products were defective and in violation of various warranties given by the defendant in the course of the sales. Defendant, on the other hand, claimed that its products were all right and in full compliance with all warranties, but that the difficulties which plaintiff had encountered were due to defective manufacturing processes at plaintiff's factory.

Plaintiff filed its complaint in the United States District Court for the District of Massachusetts, seeking $200,-000 damages from the defendant on account of various breaches of warranty. The trial was a lengthy one, lasting nineteen days. The jury returned a special verdict, reporting that both types of adhesive sold by defendant measured up to the warranties. In accordance with the special verdict, the court entered judgment for defendant, dismissing the complaint with costs. Plaintiff duly appealed from this judgment.

The main point pressed on appeal is that the unfair conduct and hostile rulings of the trial judge prejudiced plaintiff's right to a fair and impartial trial. This is a most serious charge, and one we would not readily accede to without reading from beginning to end the whole of the nineteen-day transcript of the trial, especially so, in the case of an experienced and able judge of the caliber of Judge Ford. Appellant has printed for our perusal in its Record Appendix only brief, selected extracts from the transcript. At the oral argument, we pointed out that the appendix did not even include the judge's charge to the jury, to which appellant's counsel replied that appellant had no complaint to make of the charge. Subsequently, though we did not go to the original papers to read the complete trial proceedings, we did carefully read therein the charge which Judge Ford made to the jury. We can now well understand why appellant had no com-

plaint to make of the charge, which was a most dispassionate discussion of the issues and facts of the case, with not the slightest indication as to how the trial judge felt about the outcome. There was a lengthy and elaborate discussion of damages, which seems to have presupposed that perhaps the jury would find for the plaintiff on the issues of liability. In view of this, and in view of the fact that this court was totally unimpressed by the carefully screened instances of alleged unfair conduct called to our attention by appellant, many of them bordering on the picayune, we reject without more this main ground for reversal advanced by appellant. We have considered other points urged by appellant and find them to be without substance.

A judgment will be entered affirming the judgment of the District Court.