**Abraham GOLDMAN, Plaintiff, Appellant,**

v.

**Nancy FENN, Defendant, Appellee.**

**No. 5306.**

United States Court of Appeals
First Circuit.

Feb. 20, 1958.

Bernard Gardner, Boston, Mass., for appellant.

George F. Garrity, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered upon the verdict of a jury for the defendant in an action brought in the court below under its diversity jurisdiction, Title 28 U.S.C. § 1332(a)(1), to recover for personal injuries and property damage resulting from the collision of the parties' automobiles on a public highway in Massachusetts. The only contention advanced by the plaintiff-appellant is that the trial court, by comments and remarks throughout the trial, by hostile cross-examination of his witnesses, by repeated interference with his counsel's presentation of his case, and in various other ways, indicated so strong and unmistakable a bias in favor of the defendant as to deprive him, the plaintiff, of a fair and impartial trial.

The charge leveled against the trial judge is a very serious one which, if proved, calls for drastic corrective action on appeal. See Crowe v. Di Manno, 1 Cir., 1955, 225 F.2d 652. But the very seriousness of the charge, and the drastic corrective action required of us in the event of proof, make it one we are reluctant to accept as established without reading the transcript of the trial from beginning to end and finding therein clear instances of unjudicial conduct highly prejudicial to the complaining party. Melori Shoe Corp. v. Pierce & Stevens, 1 Cir., 1957, 249 F.2d 305.

In this case, however, the plaintiff-appellant has not printed the entire tran-

script of the trial in the Record Appendix to his brief, but has only reproduced selected excerpts therein. This does not necessarily mean that in cases like this we would never under any circumstances have recourse to the typewritten transcript. We recognize the heavy burden of expense imposed by printing the entire transcript of a lengthy trial. But it does mean that we will not undertake the laborious process of severally reading an entire typewritten transcript unless the excerpts therefrom printed in an appellant's Record Appendix clearly indicate the necessity for our doing so. We do not find such necessity here.

The portions of the transcript included in the plaintiff-appellant's Record Appendix show that the trial court took a very active, indeed an overly active, part in the trial. It shows that the court explored trivial if not irrelevant matters at length, that it frequently indulged in wholly unnecessary comments of one sort or another, and that it frequently interrupted counsel for both sides in the orderly presentation of their respective cases to the jury. It also shows that the court examined the plaintiff's expert medical witnesses at length and it would seem in a rather hostile manner. This, however, may perhaps have been justified by the evident weakness of the plaintiff's case, particularly on the issue of his damages for physical injuries.

The conduct of the trial court served to prolong the trial of a simple routine case to a length quite out of proportion to the complexity of the issues involved. And in the main the court's active participation in the trial could have served no useful purpose. We think it would have been far better for the court to have left the trial of the case to counsel, both of whom were experienced and fully competent to present their clients' cases to the jury. But we cannot say that the record before us indicates that the trial court's conduct, although regrettable, probably rendered the trial unfair. The situation here is not comparable to the situation considered by this court in Crowe v. Di Manno, supra, but is more akin to that presented for our considera-

tion in F. W. Woolworth Co. v. Contemporary Arts, Inc., 1 Cir., 1951, 193 F.2d 162, 169, affirmed 1952, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276.

The judgment of the District Court is affirmed.