**MONSTER MUSIC et al., Plaintiffs,**

v.

**ABBEVILLE RADIO, INC., Defendant.**

**Civ. A. No. 1109–S.**

United States District Court,
M. D. Alabama, S. D.

June 29, 1971.

Calvin M. Whitesell, Montgomery, Ala., for plaintiffs.

Howard C. Oliver, Hobbs, Copeland, Franco & Screws, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

VARNER, District Judge.

Plaintiffs sue the Defendant for an injunction and a statutory minimum damage of $250.00, plus costs and attorney's fee in each of four causes of action for infringement of copyright laws relating to what appears to have been four accidental playings of records by Defendant in the month of July, 1970.

The basis of this suit is that on July 7 and 8, 1970, Defendant, on four occasions, infringed the copyright on four separate musical compositions, by playing them over its radio station. Defendant does not deny the infringement but contends that under the circumstances an injunction is not appropriate and that the damages claimed are unreasonable. Plaintiffs contends injunction is proper and claim not less than $250.00 for each infringement or a total of not less than $1,000.00. Plaintiffs also ask that Defendant pay costs and a reasonable attorney's fee, which Defendant contests.

The parties stipulate that the only issues are: (1) whether Defendant should be enjoined, and (2) amount of damages

and what, if any, costs and attorney's fees should be allowed the Plaintiffs.

Copyrights to the records involved were held by Plaintiffs which operate by charging a monthly fee for the payment of all ASCAP records, copyrights to which are held by them. ASCAP has thousands of such records, and for a fee of approximately $33.00 a month, the Defendant could have played not only the four ASCAP records in question but thousands of such records. The evidence shows that the Defendant had informed all personnel not to play any ASCAP records but that inadvertently four of such records were played during the month in question. The total cost to the Defendant for having the right to play all ASCAP records during that month would have been no more than $33.00. The total profit to Plaintiffs, according to statements made by their attorney during trial, would have been substantially less than $33.00.

Title 17, U.S.C.A., § 101, under which the cause of action is cast, is, in pertinent part, as follows:

"If any person shall infringe the copyright * * * protected under the copyright laws * * *, such person shall be liable:

"(a) to an injunction restraining such infringement;

"(b) to pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only, and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages in profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum

of $250, and shall not be regarded as a penalty. * * *"

Defendant had no profits from the infringement. Plaintiffs offered no proof of what their damages were as a result of the alleged infringements and seek, on the basis of failure of their own proof, to rely on the statutory minimum of $250.00, plus costs and attorney's fee for each infringement. The Defendant insists that, since the total amount which would have been paid to Plaintiffs for all ASCAP copyright usage for the month in question would have been no more than $33.00 and the Defendant having thereby proved "every element of cost which he claims" as provided by the statute (§ 101), no occasion arises for the application of the $250.00 minimum asserted by Plaintiffs but that the Court should determine damages, either based on the $33.00 a month cost item or "in lieu of actual damages in profits, such damages as to the court shall appear to be just * * *."

Title 17, U.S.C. § 116, provides that the Court, in such suits, may award to the prevailing party a reasonable attorney's fee as part of the costs.

This Court is of the opinion that the "no other case" clause, which Plaintiffs insist provides for a minimum award of $250.00 for each infringement, may be applied at the discretion of the Court even where there is some evidence of damages for the infringement.

The Supreme Court of the United States in F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 73 S. Ct. 222, 97 L.Ed. 276, made the following observations:

" * * * The statute has been interpreted to vest in the trial court broad discretion to determine whether it is more just to allow a recovery based on calculation of actual damages in profits, as found from evidence, or one based on a necessarily somewhat arbitrary estimate within the limits permitted by the Act." 344 U.S. at 231–232, 73 S.Ct. at 225.

"It is plain that the court's choice between a computed measure of damage and that imputed by statute cannot be controlled by the infringer's admission of his profits which might be greatly exceeded by the damage inflicted." 344 U.S. at 232, 73 S.Ct. at 225.

"We think that the statute empowers the trial court in its sound exercise of judicial discretion to determine whether on all the facts a recovery upon proven profits and damages or one estimated within the statutory limits is more just." 344 U.S. at 234, 73 S.Ct. at 226.

█ It was not intended that the Plaintiffs may, by making no attempt to ascertain or prove their damage, deprive the Court of its discretion to award such damages as seem just and require the Court to give a judgment within the statutory limits where obviously justice requires no such thing. Davilla v. Brunswick-Balke Collender Co., 94 F.2d 567, cert. den. 304 U.S. 572, 58 S.Ct. 1040, 82 L.Ed. 1536.

██ This Court is of the opinion that the true and proper method for determining damages in the instant case is closely akin to the method used by the Missouri District Court in the case of Advertisers Exchange, Inc. v. Hinkley, 101 F.Supp. 801, 805. The strong similarity between the cases is amply demonstrated by the following language:

"The next question—and the most serious one—is that of damages. Plaintiff did not prove any specific damages or loss of profits, but seeks to recover the sum of $1 for each infringing copy of the newspapers, which in this case runs into a ridiculous amount, the defendant being the proprietor of a small grocery store. The only actual damages the plaintiff could possibly have suffered would be the loss of the sale of service to some other merchant in the community, which amounted to $156 a year, under the terms of the contract.

"It would seem to me that it never was intended that the statute should apply in a case of this kind. * * * but here the contract of the plaintiff is not based upon the amount of circulation, but upon a fixed annual amount for the material, regardless of whether the subscriber used it in a newspaper with 100 or 100,000 circulation.

" * * * It would seem clear therefore, that the amount of damages suffered by the plaintiff would be the amount of the sale price of such subscription, i. e., $156 for each year, or a total of $312. Judgment will be entered for the plaintiff in that amount." [101 F.Supp. at 805–806]

Where the evidence demonstrates that little or no actual damages resulted to the plaintiff other than loss of the contracted sum during the period in question, the Court should be guided in its discretion as to whether to award statutory damages or to award such damages as the evidence sustains, by considering the following: the purpose of the statute itself, any malice involved in the infringement, the likelihood of any substantial damages having actually occurred which could not be proved by the plaintiff, and the profit likely accruing to the infringer as a result of his wrongful act.

Obviously, the likelihood of profit to the infringer in this case is more negligible than is the likelihood of substantial damages to the copyright holders. There appears to have been no malice or bad intent on the part of the infringer in this matter.

The Court is of the opinion that the purpose of the statute construed is to provide substantial protection to owners of copyrights as against parties who may wittingly or unwittingly violate the same.

The Defendant proved that it could have had the use of the four records in question, plus hundreds of others, for the month in question for a total fee of about $33.00 a month. While Plaintiffs have argued that this is no measure of damages, it would certainly seem to be the most that Plaintiffs could have been damaged by the infringement.

It is, therefore, the opinion of the Court that the Defendant in this cause should pay the costs of the proceeding, including an attorney's fee for the attorney for the Plaintiffs in the amount of $100.00, which the Court finds is a reasonable fee for Defendant to pay under the circumstances of this case. This Court is of the opinion that to allow more substantial a fee would be to encourage the use of the statute in cases such as this as a method of harassing parties unwittingly in default under the statute in an effort to require their signing of contracts for services such as those provided by the contract in question. The Court does not intend to limit the fee charged Plaintiffs by their attorney.

There is no indication that there is any likelihood of any continuation of infringement or any other reason for the Court's invoking its injunction powers in this cause.

It is, therefore, the order, judgment and decree of this Court that the Plaintiffs have and recover of the Defendant in this cause judgment in the amount of $33.00 with full costs of court, including a reasonable attorney's fee as set out by this order.