**Art ROGERS, Plaintiff,**

v.

**Jeff KOONS and Sonnabend Gallery, Inc., Defendants.**

**No. 89 Civ. 6707 (CSH).**

United States District Court, S.D. New York.

Feb. 22, 1991.

Stecher Jaglom & Prutzman, New York City, for plaintiff; L. Donald Prutzman, Jr., Andrea Galbo, New York City, of counsel.

John B. Koegel, New York City, for Jeff Koons and Sonnabend Gallery, Inc.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Following entry of this Court's Memorandum Opinion and Order dated December

10, 1990, 751 F.Supp. 474 familiarity with which is assumed, plaintiff made a timely motion for reargument pursuant to Civil Rule 3(j) of this Court.[1] Upon consideration, the motion for reargument is granted, and judgment for infringement will enter against defendant Sonnabend Gallery, Inc.

I am not at all certain that Sonnabend is vicariously liable for Koon's infringement under *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304 (2d Cir.1963), the case plaintiff relies upon for that theory of liability. Vicarious liability, the Second Circuit said in *Shapiro*, "depends upon a detailed examination of the relationship between" the primary infringer (in this case Koons) and the one sought to be held vicariously liable (in this case Sonnabend). 316 F.2d at 306. In *Shapiro* the defendant held vicariously liable operated a chain of retail stores. The primary infringer operated the phonograph record departments at concessionaire in those stores, and sold records which infringed the copyrights of plaintiffs, proprietors of musical compositions. The store owner, defendant H.L. Green Co., Inc. exacted from its concessionaire a licensing agreement which provided that the concessionaire's employees were to "abide by, observe and obey all rules and regulations promulgated from time to time by H.L. Green Company, Inc...." Green also had the authority, in its "unreviewable discretion," to discharge any concessionaire employee believed to be conducting himself improperly. *Ibid.* In those particular circumstances, the Second Circuit regarded Green as bearing a closer resemblance to "the proprietor or manager of a dance hall leasing his premises to or hiring" an infringing dance band (vicariously liable), as opposed to a "landlord leasing his property at a fixed rental to a tenant who engages in copyright-infringing conduct on the leased premises" (not vicariously liable). *Id.* at 307.

In the case at bar, Sonnabend did not exercise that degree of supervision and

---

1. There is no basis for defendants' characterization of the motion as one under Rule 59, Fed.R.Civ.P.

control over Koons that Green did over its infringing concessionaire. As far as the dance hall cases go, the arguments fairly cut both ways. Neither party at bar cites an art gallery case, nor have I found one, which leads me to comment with Judge Kaufman in *Shapiro* upon the surprising dearth of squarely applicable precedents in "a business setting so common that the dearth of precedents seems inexplicable," *id.* at 305.

However, Sonnabend was unquestionably a seller of Koons' infringing sculptures. I agree with Rogers that Sonnabend is accordingly a direct infringer under *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952). Woolworth sold cocker spaniel statuettes which, without Woolworth's knowledge, infringed the plaintiff's copyright. Woolworth was held liable as a direct infringer.

Counsel for Sonnabend argues that *Woolworth* did not address the point at issue. It is the fact that the Supreme Court granted certiorari "limiting the issues to the measure of recovery, as to which conflict appears among the lower courts." 344 U.S. at 229, 73 S.Ct. at 223 (footnotes omitted). However, in its recitation of the facts, the court stated unequivocally:

> Unbeknown to Woolworth, these dogs had been copied from respondent's and by marketing them it became an infringer. *Ibid.*

I must regard that statement either as something the Court tossed off without thinking about it, or as a statement of what the Court conceived to be applicable copyright law. I adopt the latter interpretation. *See also* Justice Black's dissent at 234, 73 S.Ct. at 226: "The earthenware dogs found to infringe respondent's copyright were bought by F.W. Woolworth Company in good faith at a total cost of $914.40."

Judge Goettel of this Court expressed the same principle more recently in *Kieselstein–Cord v. Accessories By Pearl, Inc.*, 489 F.Supp. 732, 737 (S.D.N.Y.) *reversed on other grounds*, 632 F.2d 989 (2d Cir. 1980):

The fact that defendant did not copy the Winchester Buckle but instead allegedly bought unauthorized copies from a manufacturer without notice to defendant of the copyright does not affect the validity of the copyright or defendant's liability for infringement. If defendant has should the unauthorized copies, which he admits, defendant's liability—given a valid copyright—is established. The infringer's claimed lack of knowledge of the copyright affects only damages, not basic liability and injunctive relief.

(footnote omitted).

In the case at bar, Sonnabend was identified as the seller on the sales invoices for the sculptures, and realized 50% of the infringing profits. I think that Sonnabend is a directly infringing seller within the principle of law articulated in *Woolworth*. This Court's prior Memorandum Opinion and Order is amended accordingly.

It is SO ORDERED.