TEMPO MUSIC, INC., Famous Music Corporation, Chappell & Company, Inc. and Warner Brothers, Inc., Plaintiffs,

v.

CHRISTENSON FOOD & MERCAN-TILE COMPANY and Roger Christenson, Defendants.

No. 4–91–882.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 10, 1992.

Norman R. Carpenter, Calvin L. Litsey, and Felicia J. Boyd, and Faegre & Benson, Minneapolis, Minn., for plaintiffs.

Kevin A. Lund, Bruce K. Piotrowski, and Patterson–Restovich–Lund Law Offices, Ltd., Rochester, Minn., for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on the plaintiffs' motion for summary judgment on their copyright infringement claim. Based on the file, record and proceedings herein, the court grants the plaintiffs' motion for summary judgment.

## BACKGROUND

The plaintiffs are copyright owners of various musical compositions. Defendant Roger Christenson owns, operates and manages Edwardo's Restaurant ("Edwardo's") located in Rochester, Minnesota.[1] Plaintiffs contend that Christenson permitted the unauthorized public performance of four of their copyrighted musical compositions at Edwardo's on July 21, 1991, and that performance of those compositions constitutes copyright infringement.[2] Plaintiffs thus request that the court find Christenson liable for copyright infringement and provide them with the following relief:

1. Enjoin Christenson from permitting the performance of any copyrighted musical compositions in the repertory of the American Society of Composers, Authors and Publishers ("ASCAP")[3] unless and un-

---

1. Christenson also owns codefendant Christenson Food & Mercantile Company.

2. The four musical compositions that plaintiffs alleged Christenson infringed on are:
    1. "Night and Day," copyright owned by plaintiff Warner Brothers, Inc.;
    2. "My Funny Valentine," copyright owned by plaintiff Chappell and Company, Inc.;

3. "Take the 'A' Train," copyright owned by plaintiff Tempo Music, Inc.; and
    4. "The Nearness of You," copyright owned by plaintiff Famous Music Corporation.

3. The plaintiffs are members of ASCAP. ASCAP licenses the right to perform copyrighted musical compositions owned by members of ASCAP to third parties. When ASCAP discovers that a

til he obtains a license permitting him to do so;[4]

2. Award $2,000 in damages for the infringement of each of songs, for a total damage award of $8,000;[5] and

3. Award $1,096.55 in costs and $5,856.25 in attorneys' fees.[6] Plaintiffs contend that the damages they seek are warranted because Christenson's infringements were knowing and willful. In support of that contention, plaintiffs have submitted evidence demonstrating that ASCAP offered or attempted to offer Christenson a license to use ASCAP music at his restaurant on approximately twenty-two occasions.

Christenson does not dispute that he is liable for copyright infringement of the four songs and that summary judgment on that issue is appropriate. Christenson, however, contends that it would be inappropriate for the court to award damages at this time because a material fact dispute exists regarding whether his actions were willful and deliberate. Christenson thus contends that the court should deny that portion of the plaintiffs' motion for summary judgment that deals with damages and permit the parties to present the damages issue to a jury.

Because Christenson admits that he is liable for copyright infringement of the four musical compositions, the court shall grant that portion of the plaintiffs' motion for summary judgment that deals with the issue of liability. Thus, the only issue before the court is whether it would be appropriate for it to award damages to the plaintiffs at this time. If so, the court must also determine the appropriate measure of those damages.

## DISCUSSION

■■■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof

---

musical composition copyrighted by an ASCAP member is being played at an establishment providing public entertainment and that establishment has not obtained an ASCAP license, ASCAP notifies the owner of the establishment of the copyright infringement and offers the owner an opportunity to obtain a license permitting the use of ASCAP music.

4. Injunctive relief for infringement of copyrighted musical compositions is authorized under 17 U.S.C. § 502.

5. Awarding damages for infringement of copyrighted musical compositions is authorized under 17 U.S.C. § 504(c).

6. Awarding costs, including reasonable attorneys' fees, is authorized under 17 U.S.C. § 505.

regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53. With this standard at hand, the court will consider the plaintiffs' motion for summary judgment on the issue of damages.

■ Christenson argues that granting the plaintiffs' motion for summary judgment on the issue of damages would be inappropriate because the question of whether his infringement was willful and deliberate is in dispute. In support of his argument, Christenson contends that he did not know that he was infringing on the plaintiffs' copyrights because he relied on a musician's statement that the musician's purchase of sheet music exempted Christenson from copyright liability. Christenson claims that he did not know that his actions infringed on the plaintiffs' copyrights until September 22, 1992, approximately eleven months after the plaintiffs' filed this cause of action, when his attorney advised him that his activities violated copyright law.

The court finds that Christenson's argument is not persuasive. The court need not determine whether Christenson's infringement was willful or deliberate in order to award the statutory damages that the plaintiffs' seek. Section 504 of the Copyright Act provides that an infringer of a copyright is liable for either the copyright owner's actual damages and any additional profits of the infringer, or for statutory damages. 17 U.S.C. § 504(a). The measure of damages is elected by the copyright owner. 17 U.S.C. § 504(b) and (c). In this case, the plaintiffs' have elected to recover an award of statutory damages instead of actual damages and profits. Statutory damages are provided for in 17 U.S.C. § 504(c):

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in sum of not less than $500 or more than $20,000, as the court considers just....

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $100,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court it [sic] its discretion may reduce the award of statutory damages to a sum of not less than $200....

The plaintiffs do not seek an increase in statutory damages above the $20,000 limit set in § 504(c)(1). Therefore, the issue of willful infringement is not germane to this lawsuit and the court need only determine whether Christenson's state of mind was knowing or innocent. *See e.g., Halnat Publishing Co. v. L.A.P.A., Inc.,* 669 F.Supp. 933, 937 (D.Minn.1987) (among the factors the court may consider in determining appropriate damages is whether the infringer's state of mind was willful, knowing or innocent (citations omitted)).

■ The court finds that Christenson knowingly infringed on the plaintiffs' copyrights. Between November 1989 and June 1991, ASCAP representatives contacted or attempted to contact Christenson twenty-two times through telephone calls, letters and personal visits. ASCAP informed Christenson that his conduct constituted copyright infringement and offered him the opportunity to obtain a license permitting the performance of the copyrighted works at his restaurant. ASCAP also informed Christenson that it would initiate legal proceedings if he did not obtain a license or cease permitting the performance of the copyrighted works at his restaurant. Thus, when the ASCAP representatives documented the four infringements underlying the present action on July 21, 1991, Christenson was on notice that he might be

infringing on the plaintiffs' copyrights. Such notice constitutes knowing, and not innocent, infringement. *See Little Mole Music v. Spike Inv., Inc.,* 720 F.Supp. 751, 755 (W.D.Mo.1989) (in order for a defendant to avail himself of the innocent infringer defense, a defendant must have " 'acted in complete ignorance of the fact that [his] conduct might somehow infringe upon the rights of another party.' " (citations omitted)); *Halnat,* 669 F.Supp. at 937 (finding that infringement was knowing and willful after ASCAP had four telephone conversations with infringer and sent eleven letters to infringer).

Additional evidence supports the court's finding that Christenson knowingly infringed on the plaintiffs' copyrights. On September 24, 1990, Christenson wrote to Richard Bowman, Minneapolis District Office Manager for ASCAP, to inform Bowman that he had already obtained a license to play copyrighted musical compositions on his jukebox and to request that Bowman contact him if any of his other activities constituted copyright infringement. Bowman Aff., Exh. A. ASCAP contacted Christenson many times after that letter, informing Christenson that he was infringing on the plaintiffs' copyrights. Such evidence demonstrates that Christenson at least had knowledge of the copyright laws and that his actions might constitute a violation of those laws. The court concludes as a matter of law that Christenson knowingly infringed on the plaintiffs' copyrighted works. The court thus grants that portion of the plaintiffs' motion for summary judgment that deals with issue of damages. *See e.g., Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54 (summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law"). Therefore, the court must determine the appropriate measure of damages in light of the facts of this case.

1. Statutory Damages

■ "[T]he assessment of damages [for copyright infringement] lies within the Court's sound discretion and sense of justice." *Halnat,* 669 F.Supp. at 937 (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952); *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980)). Among the factors the court may consider in determining the amount of damages are the revenues that the plaintiffs lost as a result of Christenson's infringement, the licensing expenses Christenson saved by infringing, the profits he gained by infringing and his state of mind. *Id.* (citations omitted).

The plaintiffs seek $2,000 in statutory damages per infringement. Christenson argues that even if he knowingly infringed, the plaintiffs have not proffered sufficient evidence regarding the three other factors set forth in *Halnat* to allow the court to accurately determine statutory damages. The only evidence regarding those factors that the plaintiffs proffer is their assertion that Christenson saved approximately $1,805 in license fees by infringing on their copyrighted works. Bowman Aff. par. 11. Christenson contends that the plaintiffs' license fee estimation is too high because it is based on an inflated count of the number of people that he can seat in his restaurant. The plaintiffs proffer no evidence regarding the revenue that they lost or the profits that Christenson gained as a result of the infringements.

The court finds that Christenson's argument is not persuasive. The factors set forth in *Halnat* are factors that the court may consider, but need not necessarily consider, in determining an appropriate award of damages. *See e.g., Halnat,* 669 F.Supp. at 937–38 (evidence of license fees defendant would have paid and of infringer's state of mind is sufficient evidence on which to base an award of damages). Therefore, the arguments Christenson raises regarding the plaintiffs' inflated estimation of the license fees and the plaintiffs' failure to proffer evidence regarding the revenue that they lost or the profits that Christenson gained as a result of the infringements do not present the court with an impediment hindering its ability to determine a just statutory damage award. Based on the fact that ASCAP contacted or

attempted to contact Christenson twenty-two times in order to persuade him to obtain a license and on all the other evidence presented, the court finds that damages should be assessed at $1,000 per infringement, for a total statutory damage award of $4,000. The court concludes that $4,000 in damages, combined with the assessment of costs and attorneys' fees to Christenson,[7] will effectuate the intent and purposes of the Copyright Act and provide the plaintiffs with a fair and just amount of damages.

## 2. Injunctive Relief

Plaintiffs also seek injunctive relief. Section 502 of the Copyright Act permits the court to grant injunctive relief on such terms as it deems reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). In copyright actions, plaintiffs generally obtain permanent injunctions when liability has been established and there is a threat of continuing violations. *Halnat*, 669 F.Supp. at 938 (citations omitted). In this case, the plaintiffs have established liability, and in light of Christenson's past behavior, there is a threat of ongoing infringements. The court thus enjoins Christenson from permitting the performance of plaintiffs' copyrighted musical compositions at his restaurant unless and until he obtains an ASCAP license.

## 3. Costs and Attorneys' Fees

Plaintiffs also seek $1096.55[8] in costs and $5,856.25[9] in attorneys' fees. Section 505 of the Copyright Act provides that the court in its discretion may award costs, including a reasonable attorneys' fee, to the prevailing party. 17 U.S.C. § 505. The court finds that plaintiffs' request for an award of costs and attorneys' fees is

reasonable because Christenson knowingly infringed upon the plaintiffs' copyrights and did so even after the plaintiffs informed him that his actions infringed on their copyrights and that they would initiate legal action if he did not cease the infringement or obtain a license. *See e.g., International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 384 (7th Cir.1988) (award of attorneys' fees is appropriate where infringers' own actions cause plaintiffs to incur greater fees). Christenson's blatant disregard for the law warrants an award of costs and attorneys' fees. The court has reviewed the plaintiffs' affidavits submitted in support of their request for costs and fees and finds that their request is reasonable for this type of case. *International Korwin Corp.*, 855 F.2d at 383–85 (statutory damages of $10,500, attorneys' fees of $21,502.75 and costs of $1,693.88); *Dwarf Music Co. v. B & D Bar and Restaurant, Inc.*, Cv. No. 4–89–694 (D.Minn. Aug. 21, 1990) (statutory damages of $6,250 and attorneys' fees and costs totaling $4,020.50). The court thus awards plaintiffs $1,096.55 in costs and $5,856.25 in attorneys' fees.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The plaintiffs' motion for summary judgment is granted;

2. The plaintiffs are awarded statutory damages of $1,000 per each of the four infringements, for a total of $4,000;

3. The defendants are permanently enjoined from performing plaintiffs' copyrighted works unless and until they enter into a licensing agreement with ASCAP and pay licensing fees for the right to perform those works; and

3. The plaintiffs are awarded $1,096.55 in costs and $5,856.25 in attorneys' fees.

---

7. See *infra* for a discussion on the assessment of costs and attorneys' fees.

8. Plaintiffs base this figure on the following costs:
   1. $633.64 to obtain evidence of infringement;
   2. $120.00 filing fee paid to clerk of court;
   3. $30.00 for service of process; and
   4. $162.91 for photocopying, long distance telephone calls and postage.

Carpenter Aff., para. 8.

9. Plaintiffs base this figure on the following fees that they incurred:
   1. $4,137.50 in fees for services as set forth in paragraphs 6 and 7 of the Carpenter affidavit;
   2. $1,293.75 in fees for services as set forth in paragraph 3 of the Willett affidavit; and
   3. $425.00 in fees for services as set forth in paragraph 2 of the Litsey affidavit.

LET JUDGMENT BE ENTERED AC-
CORDINGLY.