KONINKLIJKE PHILIPS
ELECTRONICS, N.V.,
Plaintiff–Appellee,

v.

KXD TECHNOLOGY, INC.;
et al., Defendants,

and

Sungale Group, Inc.;  et al.,
Defendants–Appellants.

No. 08–16794.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 2009.*

Sept. 24, 2009.

Samuel L. Alberstadt, Keats McFarland
& Wilson LLP, Los Angeles, CA, Todd L.
Bice, Brownstein Hyatt Farber Schreck
LLP, Las Vegas, NV, David Koss Caplan,

* The panel unanimously finds this case suitable
for decision without oral argument.  *See* Fed.
R.App. P. 34(a)(2).

Anthony Michael Keats, Esquire, Larry W. McFarland, Keats McFarland & Wilson, Beverly Hills, CA, for Plaintiff–Appellee.

Anton N. Handal, Esquire, Gabriel Hedrick, Handal & Associates, San Diego, CA, Joshua L. Harmon, Esquire, Law Office of Joshua L. Harmon, P.C., Noah G. Allison, Esquire, Martin & Allison Ltd., Las Vegas, NV, for Defendants.

Pamela Carol Chalk, Handal & Associates, San Diego, CA, for Defendants–Appellants.

Before: REINHARDT and BEA, Circuit Judges, and LARSON,** District Judge.

## MEMORANDUM ***

Sungale Group, Inc., Sungale Electronics, Ltd., and Amoisonic Electronics, Inc. (collectively Sungale) appeal the district court's entry of default judgment against them and award of $1,000,000 in statutory damages to Koninklijke Philips Electronics N.V. (Philips). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court did not abuse its discretion when it ordered case dispositive sanctions against Sungale. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The district court found that Sungale deliberately destroyed its computer server, and with it electronic records Philips requested; this destruction demonstrated the "willfulness, bad faith, and fault" required to support terminating sanctions. *Id.* Sungale's failure to produce requested documents prejudiced Philips, and this failure was not excused by the fact that Philips possessed some of the requested documents by virtue of the U.S. Marshals' seizure of Sungale's business records. *See Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116–17 (9th Cir.2004). Finally, the district court initially considered and awarded less severe sanctions and warned Sungale of the possibility of severe sanctions before entering the default judgment against Sungale. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096.

■ Neither did the district court abuse its discretion when it awarded $1,000,000 in statutory damages to Philips. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir.2008). Philips elected statutory damages, as permitted by the Lanham Act. 15 U.S.C. § 1117(c). The default judgment against Sungale was warranted by Sungale's willfulness in offering for sale counterfeit goods bearing Philips's trademark and by Sungale's ongoing failure to comply with discovery requests, which made proof of actual damages difficult or impossible. *See F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231, 73 S.Ct. 222, 97 L.Ed. 276 (1952).

**AFFIRMED.**

---

** The Honorable Stephen G. Larson, United States District Court for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.