**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NEW FORM, INC., DBA Laguna Films, | No. 08-56001 |
| Plaintiff - Appellee, | D.C. No. 2:02-cv-02296-FMC-E |
| v. | |
| TEKILA FILMS, INC.; MARCO INIGUEZ, an individual, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted November 6, 2009[**]
Pasadena, California

Before: GOULD and BEA, Circuit Judges, and HART,[***] Senior District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable William T. Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Tekila Films, Inc. and Marco Iniguez ("Tekila Films") bring this appeal after a jury trial in which they were found to have willfully infringed fifteen of New Form's copyrights to Mexican films. Before trial, the district court rejected Tekila Films's proposed jury instruction defining "statutory damages" under the Copyright Act. *See* 17 U.S.C. § 504(c). Tekila Films appeals that ruling, and claims that the jury's subsequent award of $1,312,500 in statutory damages to New Form was excessive. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court did not abuse its discretion in declining to adopt Tekila Films's proposed jury instruction that would direct the jury to measure statutory damages in relation to actual damages using the "fair market value" of the infringed works. A statutory damages award within the limits prescribed by Congress is appropriate "[e]ven for uninjurious and unprofitable invasions of copyright." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). We have consistently held and stated that statutory damages are recoverable without regard to the existence or provability of actual damages. *See, e.g.*, *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001); *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Peer Int'l Corp. v. Pausa Records, Inc.*,

909 F.2d 1332, 1337 (9th Cir. 1990). There is no required nexus between actual and statutory damages under 17 U.S.C. § 504(c). Accordingly, the district court did not err in refusing Tekila Films's proposed instruction, which itself would have been a misstatement of the law.

Tekila Films also alleges that the jury awarded excessive damages because the statutory award was "far in excess of and disproportionate to the actual damages" New Form suffered. This argument is a retooled version of the jury-instruction argument above. Tekila Films's excessive-verdict claim turns on the incorrect premise that statutory damages must be tethered to actual damages. Because there is no such requirement, the jury's verdict cannot be deemed excessive on that basis.

AFFIRMED.