# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2012

No. 11-50044

Lyle W. Cayce
Clerk

DELL CULLUM,

Plaintiff-Appellant

v.

DIAMOND A HUNTING, INCORPORATED, also known as Diamond A Ranch;
DALENE WHITE; DIAMOND A RANCH; DIAMOND A SPUR RANCH; DASRL,
L.L.C.; MDBW ENTERPRISES; BIG TIMBER OUTDOOR TRAILS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-0076

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Dell Cullum sued Defendants-Appellees Dalene White,
Diamond A Hunting, Inc., also known as Diamond A Ranch, and Diamond A
Spur Ranch (collectively, "DAR")[1] for copyright infringement under the Federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] The additional named defendants—DASRL L.L.C., MDBW Enterprises, and Big
Timber Outdoor Trails — have not filed any briefs in this appeal and are not discussed by
Cullum in his briefs. Furthermore, it appears that the district court ordered Cullum's Third

No. 11-50044

Copyright Act,[2] and for unfair trade practices and unfair competition under the Lanham Act.[3] He alleged that, without his permission, DAR used photographs he had taken of the Diamond A Ranch and requested injunctive relief and damages, including lost profits, statutory damages, and attorneys fees.

Cullum took the photographs in question while working as a ranch hand at Diamond A Ranch. White claims that Cullum gave her a compact disc containing the photographs which he had taken with her permission. Cullum denies having ever given the photographs to White. In any event, DAR somehow obtained the photographs and used some of them on its website and some in a printed brochure for a seminar that White periodically held at the ranch.

After Cullum and White's relationship soured, Cullum informed DAR that he held a copyright over the photographs and demanded that they not be used without his permission. DAR nevertheless continued to use the photographs, and Cullum filed this lawsuit. DAR removed the photographs from its website after suit was filed, but continued to use some of them in its brochures for White's seminar.

Both parties moved for summary judgment. The district court granted in part and denied in part the parties' motions, concluding that Cullum had granted DAR an oral license to use the photographs, but had revoked it when he filed this lawsuit. The district court held that DAR was liable only for its continued use of photographs in the brochure, and it awarded Cullum $950 in damages. Cullum appeals the district court's holding that he had granted DAR an oral license, its award of damages, and its denial of Cullum's request for

---

Amended Complaint attempting to name these additional parties as defendants to be stricken from the record. Accordingly, we do not address them in this appeal.

[2] 17 U.S.C. § 101 *et. seq.*

[3] 15 U.S. C. § 1051 *et. seq.*

No. 11-50044

attorneys fees, as well as a number of other rulings that the district court made during the course of this litigation.

Our review of the appellate briefs and the record on appeal convinces us that the district court did not commit reversible error of fact or law with respect to any of Cullum's assertions. Although the district court did not explain — and possibly contradicted[4] — its finding that Cullum granted DAR an oral license, we conclude that any error on this point is harmless because Cullum only sought summary judgment relief with respect to DAR's continued use of the photographs following his filing suit. The district court found in Cullum's favor on this point, so his appeal of this issue is moot.

With respect to damages, we conclude that the district court did not abuse its discretion in treating the photographs as a compilation instead of individual works for purposes of calculating damages. The record fully supports the conclusion that Cullum's photographs constituted one work "in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole."[5] Cullum registered the photographs in question under a single copyright registration number, and he marked the disc that he filed with the United States Copyright Office containing these photographs as "Set Number 1."[6] Furthermore, Cullum himself refers to the photographs in the record on appeal as a "collection." Therefore, the district

---

[4] ROA at 2075 ("Defendants have not . . . demonstrated that plaintiff intended that defendants copy and distribute the photographs, a requirement for establishing an oral irrevocable license. . . Nor have defendants provided evidence that plaintiff received consideration for taking the photographs, another requirement for establishing an oral irrevocable nonexclusive license.") (citations omitted).

[5] 17 U.S.C. § 101 (definition of "collective work" which is included in the definition of "compilation").

[6] *See also Bryant v. Media Right Prod., Inc.*, 603 F.3d 135, 141 & n.6 (2d Cir. 2010) (concluding that separate songs collected on one album were a compilation, despite fact that each song might have been separately copyrighted).

No. 11-50044

court did not commit any error in ruling that the photographs comprise a single compilation for purposes of copyright law.

Neither did the district court abuse its discretion in determining the amount of statutory damages under the Copyright Act. Awards of statutory damages under 17 U.S.C. § 504(c)(1) may range from a minimum of $750 to a maximum of $30,000 per infringement of one work. If the court finds willful infringement, it may enhance an award for each individually liable infringer, and for the number of works that are infringed, up to a total of $150,000.[7] Between the statutory maximum and minimum, however, the court has virtually unfettered discretion in deciding the quantum of damages to award in a copyright infringement case.[8] The court's award of $950 in damages to Cullum is well within that statutory range. Moreover, the district court made this award after considering a detailed report and recommendation from the magistrate judge. We find no abuse of discretion.

We also conclude that the district court did not abuse its discretion in denying Cullum's request for attorneys fees. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."[9] The district judge weighed the relevant factors for awarding attorneys fees, as noted and discussed in *Fogerty v. Fantasy, Inc.,*[10] then held that the parties must bear their respective attorneys fees. We perceive no abuse of discretion in this ruling.

---

[7] 17 U.S.C. § 504(c)(2).

[8] *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232 (1952).

[9] *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

[10] *Id.* at 534 & n.19 (quoting factors listed by the Third Circuit, and agreeing that such factors may be considered "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner".)

No. 11-50044

Finally, Cullum appeals numerous discretionary rulings made by the district court throughout the lengthy course of this litigation.  He contends that the district court abused its discretion by (1) dismissing his Lanham Act claims for failure to prosecute, (2) denying his motion to supplement his brief on the issue of damages to add new allegations of copyright infringement, (3) denying his motion to amend his complaint, (4) denying his motion for a continuance of the trial setting, (5) denying his motion to strike evidence that DAR submitted in support of its motion for summary judgment, (6) denying his motion to refer the case for an investigation of possible criminal activity on the part of DAR, and (7) denying his motion to compel inspection of a disc that DAR relied on as summary judgment evidence.  We have considered each of these assertions, and we are fully satisfied that each is meritless.

For the foregoing reasons, the district court's summary judgment and additional rulings that Cullum appeals are, in all respects,
AFFIRMED.