**GUESS?, INC., Plaintiff,**

v.

**GOLD CENTER JEWELRY, et al., Defendants.**

**No. 97 Civ. 1374(LAK).**

United States District Court, S.D. New York.

March 13, 1998.

Milton Springut, Robert Tilewick, David M. O'Neill, Kalow Springut & Bressler, for plaintiff.

Bruce H. Lederman, Lederman Abrahams Lederman & Zarett, LLP, for Defendant Home Boy 2000.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The history of this action is fully set forth in *Gucci America, Inc. v. Gold Center Jewelry,*[1] familiarity with which is assumed. The matter now is before the Court on the plaintiff's motion to fix the amount of statutory damages against defendant Home Boy 2000, against which the Court has entered a default judgment as to liability for wilful trademark infringement and counterfeiting.

### Facts

Home Boy 2000 is a small retail jewelry store operated by JAF, Inc. and its principal, Kevin Amirianfar. It is located in the Bronx.

On February 26, 1996, an investigator acting on behalf of plaintiff visited Home Boy and observed various medallions, earrings and bracelets bearing the "Guess?" trademark. On the following day, plaintiff's counsel sent a cease and desist letter to Home Boy. An investigator therefore returned to the store on June 6, 1996 and purchased two additional "Guess?" trademarked items. A third visit was made on January 28, 1997, at which time the defendant still was selling "Guess?" items, one of which was purchased by the investigator.

This action was commenced on or about February 27, 1997. The complaint alleges that this defendant wilfully sold counterfeit "Guess?" items and continued to do so after receiving plaintiff's demand that it cease and desist.[2] Defendant's default admitted these well pleaded factual allegations.

Mr. Amirianfar's conduct with respect to the litigation itself already has been described in the *Gucci* opinion. Suffice it to say here that Mr. Amirianfar's behavior was irresponsible and, to some degree, deliberately obstructive.[3] Moreover, the affidavit he submitted in support of the motion to

1. 997 F.Supp. 399 (S.D.N.Y.1998).

2. Cpt. ¶¶ 15–16, 21–22, 27.

3. 997 F.Supp. at 406–408.

vacate the monetary award previously entered against him was inaccurate in important respects.

At the hearing held on the motion to vacate and in a subsequent declaration, Mr. Amirianfar testified in substance that his dealings in counterfeit Guess? merchandise were *de minimis*. He contends also that he is a person of limited means and that any award should be no more than $3,500.

### Discussion

Congress passed The Anticounterfeiting Consumer Protection Act of 1996 in an effort to counter the unprecedented escalation in trademark counterfeiting activities in this country.[4] Section 7 of the Act,[5] provides that:

"In a case involving the use of a counterfeit mark ... in connection with the sale, offering for sale, or distribution of goods and services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—

"(1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

"(2) if the court finds that the use of the counterfeit mark was willful, nor more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

The creation of this alternative to the more traditional damage remedies of recovery of the plaintiff's damages or the defendant's profits reflected a harsh reality—counterfeiters often do not keep or secrete records of their unlawful activities, thus making proof of the extent of the plaintiffs injury or the counterfeiters' profits impossible as a practical matter.[6]

The statute itself does not afford much guidance as to how the courts are to fix appropriate amounts in statutory damage cases. But there is an analogy—Section 504(c) of the Copyright Act[7] and its predecessor under the 1909 Act, both of which provide for awards of statutory damages for willful copyright infringement. Hence, cases decided under the Copyright Act, which deals with a similar problem and a similar legislative grant of discretion, afford guidance here.[8] And while there is no precise formula, even under the Copyright Act, for the determination of exactly what damages are just in a given case, the defendant's intent and the need to deter future violations are appropriate considerations along with the economic benefits and detriments to the plaintiff and defendant.[9]

In this case, defendant wilfully infringed the plaintiff's mark by selling counterfeit goods even after being warned not to do so. Indeed, he does not contend otherwise. While the Court accepts that his sales of counterfeit goods were not enormous because the business is a modest one, the Court has no confidence at all that they were as small as Mr. Amirianfar, whose credibility is subject to serious question in a number of respects, claimed. There is no way to determine the damage to plaintiff or the benefit to defendant, given the available credible evidence. Further, Mr. Amirianfar's conduct during the course of the litigation was entirely inappropriate. And there obviously is a need for deterring even small retail opera-

---

4. *See generally* H.R.REP. No. 556, 104th Cong., 2d Sess. (1996), *reprinted in* 1996 U.S.C.C.A.N. 1074 (1996); S.REP. No. 177, 104th Cong., 2d Sess. (1995),1995 WL 709282 (1995).

5. 15 U.S.C. § 1117(c).

6. S.REP. No. 177, 104th Cong., 2d Sess. (1995), 1995 WL 709282, at *11 (1995).

7. 17 U.S.C. § 504(c).

8. 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:95, at 30–158 (4th ed.1997) (hereinafter McCARTHY).

9. *E.g., F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952); *N.A.S. Import Corp. v. Chenson Enter., Inc.,* 968 F.2d 250, 252–53 (2d Cir.1992); *Fitzgerald Pub. Co. v. Baylor Pub. Co.,* 807 F.2d 1110, 1117 (2d Cir.1986).

**412**

tions conducted by persons who are neither wealthy nor sophisticated from dealing in counterfeit goods.

Mr. Amirianfar contends that his annual take home from the business is about $35,-000. The Court infers that the figure is net of taxes, so that the annual profitability of the business, assuming *arguendo* the accuracy of Mr. Amirianfar's figure, probably is in the realm of $45,000. The Court finds that statutory damages of ten percent of that amount are appropriate here, taking into account the inability to determine the extent to which the defendant profited from its unlawful activities, the willfulness of its conduct, and the need to deter others from engaging in similar activities. Accordingly, the Court fixes the statutory damages at $4,500.

■ Section 35(a) of the Trademark Act, as amended,[10] permits the court to award attorney's fees in "exceptional cases." "Usually, the type of conduct that has sufficed to make out an 'exceptional case' is intentional, deliberate or willful infringement."[11] Here, the willfulness of the infringement is established. Moreover, defendant's conduct with respect to the litigation has caused needless expense for the plaintiff and unnecessarily consumed a great deal of the Court's time. In consequence, an award of attorney's fees is appropriate. Taking into account the effort that plaintiff's counsel have devoted to the case, the value of such services in this market, the fact that judgment was obtained by default, plaintiff's means, and the award of statutory damages, the Court finds that a reasonable attorney's fee with respect to this defendant is $3,500.

### Conclusion

The Clerk shall amend the amended judgment in favor of plaintiff and against defendant Home Boy 2000 as follows:

1. The name of the defendant shall be changed from Home Boy 2000 to "JAF, Inc., d/b/a Home Boy 2000."

2. Plaintiff shall recover monetary damages and attorney's fees against the defendant in the total amount of $8,000.

SO ORDERED.

---

**10.** 15 U.S.C. § 1117(a).

**11.** 4 McCarthy § 30:100, at 30–167 (collecting cases).