**GUCCI AMERICA, INCORPORATED, GUESS?, INC., Plaintiffs–Appellants–Cross–Appellees,**

v.

**GOLD CENTER JEWELRY, Gold Fortune Jewelry, Empire Jewelry, Gold "N" Ice, Gold Spot Jewelry, Golden Touch Bronx Corp., Manny's Joyeria Jewelry, Oro–uno Jewelry, Inc., Senobar Jewelry, John Does 1–8, Defendants,**

**Home Boy 2000, Defendant–Appellee,**

**Big Timé Jewelry, Defendant–Appellee–Cross–Appellant.**

Nos. 98–7642, 98–7644, 98–7726 and 98–7728.

United States Court of Appeals, Second Circuit.

Argued July 15, 1998.*

Decided Sept. 30, 1998.

* This case was heard pursuant to an order of the Chief Judge of the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 46(b), certifying a judicial emergency.

Milton Springut, Kalow, Springut & Bressler, New York City (Robert Tilewick, on the brief), for Appellants.

Bruce H. Lederman, Lederman Abrahams Lederman and Zarett, LLP, Massapequa, NY, for Appellee Home Boy 2000.

Noel W. Hauser, Noel Hauser and Associates, New York City, for Appellee Big Time Jewelry.

Before: CABRANES and REAVLEY,** Circuit Judges, and COVELLO,*** District Judge.

COVELLO, District Judge.

This is an appeal from a decision of the United States District Court for the Southern District of New York, (Lewis A. Kaplan, *Judge* ), vacating and reducing the monetary portions of default judgments previously entered against the appellants, Gucci America, Inc. ("Gucci") and Guess?, Inc. ("Guess").

** The Honorable Thomas M. Reavley of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

*** The Honorable Alfred V. Covello, Chief Judge of the United States District Court for the District of Connecticut, sitting by designation.

The appellants filed this appeal, arguing that the district court erred in reducing the amount of the original default judgments. The issue to be determined is whether the district court erred in setting aside default judgments based upon the notion that to have defaulted "willfully" for the purposes of our cases interpreting Federal Rule of Civil Procedure 60(b)(1), a defendant must have acted in bad faith. We reverse the decision of the district court and reinstate the original monetary award.

## BACKGROUND

On February 26 and 27, 1997, Gucci and Guess sued the appellees, Home Boy 2000 ("Home Boy") and Big Time Jewelry ("Big Time"), for, *inter alia,* trademark infringement in violation of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.,* as amended by the Anticounterfeiting Protection Act of 1996, Pub.L. No. 104–153. The complaints, which sought both damages and injunctive relief, alleged that Home Boy and Big Time were selling counterfeits of Gucci and Guess name brand products. Home Boy and Big Time failed to answer the complaints and, on May 6, 1997, the district court entered default judgments against them. In those default judgments, the district court granted the injunctive relief sought in the appellants' complaints and retained jurisdiction over the cases for the purpose of calculating damages.

On September 17, 1997, Gucci and Guess filed their joint memorandum in support of an award of damages against the defaulting defendants. The memorandum indicated that Guess sought $25,000 in statutory damages from Home Boy and that each of the appellants sought $25,000 in statutory damages from Big Time.[1] Home Boy and Big Time received copies of the plaintiffs' memorandum, but failed to file a response.

On October 20, 1997, the court amended the default judgments, ordering Home Boy and Big Time individually to pay $25,000 in

1. Gucci did not seek statutory damages from Home Boy because the latter had not sold counterfeit Gucci goods after the effective date of the Anticounterfeiting Consumer Protection Act of 1996, which amended the Trademark Act of 1946 by authorizing the award of statutory damages.

statutory damages to each of the appellants.[2] On December 30, 1997 and January 9, 1998, after Gucci and Guess had executed on the judgments, Home Boy and Big Time moved to vacate the default judgments against them pursuant to Federal Rule of Civil Procedure 60(b).[3]

On January 16, 1998, the district court held a hearing on Home Boy's application to vacate the monetary portion of the judgment against it. At the hearing, Keyvan Amirianfar ("Amirianfar"), the owner of Home Boy, testified that he had, in fact, received a copy of the complaint and the plaintiffs' application for damages and was aware that a lawsuit was pending against his company. *Gucci America, Inc. v. Gold Center Jewelry*, 997 F.Supp. 399, 408 (S.D.N.Y.1998). Based on Amirianfar's testimony, the district court concluded that Amirianfar had "deliberately and wilfully defaulted in this action.... Although Amirianfar has not sought to reopen the default as to liability and injunctive relief, this finding would have led the Court to deny any such application." *Id.* However, the district court then went on to consider separately Amirianfar's failure to respond to the appellants' application for the award of statutory damages against Home Boy. On that issue, the district court concluded that

> Amirianfar was concededly served with the application for the entry of $25,000 judgments against Home Boy and ignored it. As a legal matter, he was on notice of the relief sought against him. Having considered [Amirianfar's] demeanor and all of the evidence in the case, however, the Court is not persuaded that his failure to respond to that application was the product of bad faith. And *while it was deliberate in the sense that Amirianfar made a conscious decision to pay no attention to it and not to seek legal advice*, the Court is satisfied that this was more a product of stupidity than of malice.

*Id.* at 409 (emphasis added). The district court thereafter vacated the monetary portion of the judgment against Home Boy and permitted it to file a memorandum on the issue of the amount of damages to be awarded.

In an opinion dated March 13, 1998, the district court concluded, after consideration of Home Boy's opposition, that the amount of damages to be awarded against Home Boy should be ten percent of its yearly profits. The court found Home Boy's yearly profits to be approximately $45,000 and, therefore, awarded damages against that defendant in the amount of $4,500. In addition, the court awarded attorney's fees in the amount of $3,500, for a total amended damages award against Home Boy of $8,000. *See Guess, Inc. v. Gold Center Jewelry*, 997 F.Supp. 409, 412 (S.D.N.Y.1998).

With respect to Big Time, the court noted, in its January 29, 1998 opinion, that Big Time "acknowledge[d] that its default with respect to the complaint was knowing and deliberate." *Gucci America, Inc.*, 997 F.Supp. at 405. The district court also indicated that Big Time "[did] not deny having been served with plaintiffs' joint application for the imposition of statutory damages of $25,000 per trademark." *Id.* Nonetheless, the district court decided to grant Big Time a hearing on the issue of whether its failure to respond to the application for statutory damages was excusable.

On March 23, 1998, the district court held a hearing on Big Time's application to vacate the monetary portion of the judgments against it. At the hearing, Behzad Zarrin ("Zarrin"), the owner of Big Time, testified that he had received a copy of the complaint and that he had contacted an attorney shortly thereafter. He further testified that he was aware that his company was being sued, that he received the plaintiffs' brief on damages and that he was aware that the plaintiffs sought an award of damages. The court concluded that

> the question of whether the default with respect to monetary relief here was willful is a very close one, certainly in the sense

---

**2.** To the extent that it ordered Home Boy to pay $25,000 to Gucci, the amended default judgment was in error. Pursuant to a stipulation of the parties, the district court subsequently corrected its mistake.

**3.** Although the district court originally denied these motions, it subsequently decided to reconsider the issue.

that Mr. Zarrin knew that relief was being sought against him of a monetary nature and deliberately decided not to contest it. It was willful in that sense.

On the other hand, I am not entirely persuaded that he acted in bad faith at that point.... [T]he notion that [Zarrin] advances—namely, that there was not really going to be a problem here as long as he was not selling counterfeit goods and that he stopped [selling them]—is not manifestly unreasonable on its face. So I think, as I say, it is a very close call.

The court vacated the monetary portion of the judgments against Big Time and set a briefing schedule with respect to the issue of the amount of damages to be awarded. On April 10, 1998, after consideration of the parties' briefs, the district court entered an order amending the amended judgments with respect to Big Time, to provide that each of the plaintiffs would recover monetary damages from Big Time in the amount of $7,500, which included $1,250 in attorneys' fees.

On May 6, 1998, Gucci and Guess filed this appeal, arguing that the district court erred in amending the monetary portions of the judgments. Big Time filed a cross appeal, arguing that the district court should have vacated the default judgments entered against Big Time in their entirety.

We reverse the order amending the amount of the judgments and remand to the district court for reinstatement of the original monetary awards against Home Boy and Big Time. The cross-appeal is dismissed.

## DISCUSSION

■ "A 'district court's grant or denial of relief under Rule 60(b), unless rooted in an error or law, may be reversed only for abuse of discretion.'" *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C.Cir.1988)). We conclude that the decision here involved an error of law.

■ Federal Rule of Civil Procedure 60(b)(1) provides, in relevant part, as follows:

**(b) Mistakes; Inadvertence; Excusable Neglect**; ... On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ....

Fed.R.Civ.P. 60(b)(1). In considering a motion to vacate pursuant to rule 60(b)(1), in the default judgment context, "courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." *Brien v. Kullman Industries, Inc.*, 71 F.3d 1073, 1077 (2d Cir.1995). In this circuit, it is well settled that those criteria are as follows: "'(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted.'" *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir.1996) (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)).

On this appeal, we conclude that the district court was in error with respect to its assessment of the first element, that is, its conclusion that the defendants' actions were not willful because they were not in bad faith.

In construing Rule 60(b)(1) as it did, the district court appears to have misinterpreted our decision in *American Alliance*. In that case, we held that a default caused by a filing mistake on the part of the defendant's in-house counsel was not "willful" for the purposes of our cases interpreting Rule 60(b)(1). *See id.* at 61. The rationale for our holding was that we "s[aw] no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context." *Id.*

In the course of our analysis in *American Alliance*, we observed that this Court "will look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Id.* at 60. We illustrated our point by contrasting two cases, one involving a negligent filing error (where we found excusable neglect) and the other involving a deliberate decision to default (where we found that the default was

not excusable). *See id.* Later in the opinion, we further observed that the public interest in deterring abuses of process would be sufficiently served "by enforcing those defaults that arise from egregious or deliberate conduct." *Id.* at 61.

It seems to us clear that the analysis in *American Alliance* did not intend to suggest that a finding of bad faith is a necessary predicate to concluding that a defendant acted "willfully" for the purposes of Rule 60(b)(1). Instead, we merely sought to contrast defaults caused by negligence, which may in some cases be excusable, with defaults resulting from deliberate conduct, which are not excusable. *Cf. Securities and Exchange Commission v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998) (citing *American Alliance* for ·the proposition that, in the context of a default, "willfulness" refers to "conduct that is more than merely negligent or careless"). Thus, while a determination that the defendant acted in bad faith would certainly support a finding of "willfulness," it is sufficient that the defendant defaulted deliberately.

The evidence here demonstrates that Home Boy and Big Time, through their principals, Amirianfar and Zarrin, were served with the complaints and, subsequently, with the plaintiffs' joint application for damages. Amirianfar and Zarrin were both aware that a lawsuit was pending against them and, specifically, that Gucci and Guess sought damages of $25,000, per trademark violation, against their respective companies. Most significantly, the district court specifically found that Amirianfar and Zarrin made deliberate decisions not to respond to the plaintiffs' damages application.

Since the trial court here incorrectly required bad faith as a predicate to a determination of willfulness and since the record reflects that Home Boy and Big Time deliberately and intentionally allowed default judgments to enter against them, we reverse and order reinstatement of the original monetary judgments. *See American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir.1996).

We have examined the remaining arguments of both Home Boy and Big Time, including Big Time's arguments on cross-appeal, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, we conclude that the district court erred in granting the motion to vacate the damages portion of the judgments and, with respect to that issue, the decision of the district court is hereby reversed. The case is remanded for the entry of the original monetary judgments against Home Boy and Big Time in the amounts of $25,000 and $50,000, respectively.

In all other respects, the decision of the district court is hereby affirmed.