ARGUS RESEARCH GROUP, INC., Plaintiff,

v.

ARGUS SECURITIES, INC., Defendant.

No. 00 CV 1218(JM).

United States District Court, E.D. New York.

June 4, 2002.

Morgan & Finnegan, New York City by Maren Coburn, of counsel, for Plaintiff.

Codispoti & Mancinelli, LLP, New York City by Steven Mancinelli, of counsel, for Defendant.

*Memorandum of Decision and Order*

SPATT, District Judge.

Plaintiff, Argus Research Group, Inc. ("Argus") brought this trademark infringement action against Defendant Argus Securities, Inc. ("Defendant" or "Argus Securities"). Currently before the Court are Argus' motion for default judgment and Defendant's cross-motion for an order setting aside the entry of default and allowing Defendant to submit an answer to Plaintiff's complaint.

### Background

On March 1, 2000, Argus filed this lawsuit and served Defendant with the summons and complaint. After Defendant failed to file an answer, Argus filed a request to enter default. On July 26, 2000, the Clerk of Court entered default against Defendant. On November 13, 2000, Argus

moved for a default judgment. Defendant opposes Argus' request for a default judgment and seeks vacatur of the default pursuant to Federal Rule of Civil Procedure 55(c), arguing that its current owner did not have notice of this lawsuit until it received the motion for default judgment.

On September 1, 2000, Mr. John Klukewycz, known professionally as John Kay ("Kay"), bought control of Defendant from his predecessor in interest, John M. Cook II ("Cook"), after completing the second of two stock purchases. While Kay concedes that the company was properly served with the complaint in this action, he avers he knew nothing of this action nor the entry of default when he took control of Argus Securities. On the contrary, Kay contends that Cook warranted that there were no outstanding legal claims against the company when he bought Argus Securities.

In his affidavit, Kay testifies that he first learned of the action against Argus Securities in November 9, 2000 when Argus served its motion for default judgment on Defendant. He states that Cook never disclosed to him that he had been served with the summons and complaint in this action. On February 23, 2001, Kay retained counsel, who responded by letter to Plaintiff four days later. On April 26, 2001, both parties appeared before United States Magistrate Judge Arlene Lindsay who ordered the parties to mediation. From June through November 2001, the parties engaged in a series of mediation sessions. After the mediation proved unsuccessful, Defendant filed its cross-motion to vacate the entry of default.

### Analysis

■ Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause the court may set aside an entry of default." Although Rule 55(c) does not define "good cause," the Second Circuit has established three criteria to assess whether to relieve a party from the entry of default: (1) whether the default was willful (2) whether the setting aside of the default would prejudice the adversary and (3) whether a meritorious defense is presented. *Enron Oil v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). Other relevant equitable factors may also be considered when a party requests to set aside an entry of default. *Id.* Specifically, the district court can look at whether the failure to follow a rule of procedure was a mistake in good faith as well as whether the entry of default would bring about a harsh or unfair result. *Id.* Further, the Second Circuit has stated that courts are to construe the term "good cause" generously and when doubt exists as to whether a default should be vacated, the doubt should be resolved in favor of the defaulting party. *Id.* The Second Circuit strongly prefers dispute determination on the merits, recognizing that "dismissal is a harsh remedy to be utilized only in extreme situations." *Cody v. Mello,* 59 F.3d 13, 15 (2d Cir.1995)(internal quotations omitted); *Shah v. New York State Dept. of Civil Service,* 168 F.3d 610, 615 (2d Cir.1999).

### 1. Willfulness

■ To find that a default was willful, it must be clear that the defaulting party engaged in deliberate or egregious conduct. *See Gucci America Inc. v. Gold Center Jewelry,* 158 F.3d 631, 634–635 (2d Cir.1998); *American Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996). Negligence or carelessness does not amount to willfulness. *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir.), *cert. denied,* 525 U.S. 931, 119 S.Ct. 340, 142 L.Ed.2d 281 (1998). On the other hand, the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained. *See, e.g., American Alliance Insurance Co. v. Eagle Insurance*

*Co.*, 92 F.3d 57, 60–61 (2d Cir.1996) (discussing cases). The standard for setting aside an entry of default pursuant to Federal Rule of Civil Procedure 55(c) is less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b). *American Alliance,* 92 F.3d at 59.

Defendant argues that since its current management was unaware of this action, its failure to answer cannot be considered willful. Argus, however, counters with the fact that the former president of Defendant, Cook, who had knowledge of this action, continues to be President and work in Defendant's office in Florida. Argus further points out that although the new management clearly had notice of this lawsuit in November, it still did nothing for three months until it retained counsel at the end of February. Finally, Argus argues that if Cook did indeed fail to disclose the existence of this lawsuit, Defendant should look to Cook for indemnification.

■ A review of the record reveals that Defendant's conduct falls short of the deliberate standard for willfulness contemplated by the Second Circuit. For example, in *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 60–61 (2d Cir.1996), the Second Circuit vacated a default judgment that resulted from a filing error committed by a clerk for in-house counsel. In reaching its decision, the court focused on whether the default was the result of "willful" conduct. Although the lawyer had not discovered the misfiling for two months, the court stated that, because the act was merely one of carelessness or negligence, the harsh application of a default judgment was inappropriate. *Id.* A default judgment, according to the court, should be entered only in the event of either deliberate conduct or bad faith, neither of which was present in that case. *Id.* Similarly, in *Davis v. Musler,* 713 F.2d 907 (2d Cir.1983), the Second Circuit cautioned that "the extreme sanc-

tion of a default judgment must remain a weapon of last, rather than first, resort, which should only be imposed upon a serious showing of willful default." *Id.* at 916 (internal quotations and citations omitted).

Here, after receiving notice of Plaintiff's motion for entry of default judgment, Defendant retained counsel and has appeared in all subsequent court appearances. After participating in the mediation sessions, Defendant expeditiously moved to vacate the default entered by the Clerk. Since Kay has acted diligently since he received notice of this lawsuit, Defendant's conduct does not rise to the level of conduct that the Second Circuit has found to be willful. *See e.g., SEC v. McNulty,* 137 F.3d at 738 (Defendant failed to answer complaint, even after Plaintiff had repeatedly warned him that it would move for entry of default); *Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d 238, 243–44 (2d Cir.1994) (default deemed willful where, after purposely evading service for several months, defendants failed for untenable reasons to answer the complaint). Accordingly, this Court finds that Defendant's default was not "willful."

**2. Prejudice**

■ Argus claims that it will be prejudiced if this Court vacates the default because it has been trying to resolve this dispute for three years. Delay alone, however does not establish prejudice. *Enron Oil,* 10 F.3d at 98. Rather, to establish prejudice, a plaintiff must demonstrate that the delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. *Davis,* 713 F.2d 907, 916 (2d Cir.1983) (*quoting* Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2699 at 536–537). Argus has not made any such claim. Accordingly, Argus

has failed to establish that it will be prejudiced if the default is vacated.

### 3. Meritorious Defense

The final factor to weigh in deciding whether to vacate the entry of default is whether Defendant has presented a meritorious defense. The Second Circuit has stated that a "defense is meritorious if it is good at law so as to give the fact-finder some determination to make." *American Alliance*, 92 F.3d at 61. This Court is not to determine whether Defendant will ultimately prevail at trial. Rather, the establishment of a meritorious defense depends on "whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98 (citations omitted).

■■■ Defendant has imposed the defense of laches. Laches is an equitable defense that bars a plaintiff's claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant. *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir.1998). Laches is based on the maxim that equity aids the vigilant and not those who sleep on their rights. *Id.* To succeed on a defense of laches, a party "must establish that: (1) the plaintiff knew of the defendant's misconduct; (2) the plaintiff inexcusably delayed in taking action; and (3) the defendant was prejudiced by the delay." *Id.* (citing *Tri–Star Pictures, Inc. v. Leisure Time Productions, B.V.*, 17 F.3d 38, 44 (2d Cir.1994)).

■■■ Defendant has operated under the Argus name since March 10, 1977. Thus, Defendant contends that Argus knew of or should have known of its existence for the last twenty-three years. Defendant further argues that it has built up substantial equity in its use of the Argus name and if it is forced to change its name, it will likely lose its customers and be forced to go out of business.

■■■ Although Argus counters that Defendant has failed to establish that its use of the Argus name was prominent or that it has developed any significant consumer recognition for its name, Defendant need not establish that it will prevail on its defense. Rather, Defendant must present some evidence to support its defense. *Enron Oil*, 10 F.3d at 98. Here, Defendant has raised a question regarding when Argus knew of Defendant's use of the Argus name and thus whether Argus inexcusably delayed in bringing this action. Thus, resolving doubts in favor of Defendant, this Court determines that Defendant has asserted a meritorious defense claim sufficient to meet its burden under this prong of the analysis.

### Conclusion

This Court finds that Defendant's default was not willful; setting aside the default will not prejudice Argus; and Defendant has alleged a meritorious defense. As such, Defendant's motion to vacate the default is GRANTED, and the motion by Argus for a default judgment is DENIED. Defendant shall file and serve an answer within twenty days of this Order, and the parties are directed to contact United States Magistrate Judge Arlene Rosario Lindsay forthwith to proceed with discovery. And it is

SO ORDERED.