**Garrick JOHN, Plaintiff–Appellant,**

v.

**NEW YORK DEPARTMENT OF CORRECTIONS, Albert Thompson, Warden, Watts, Captain Badge No. 241, DRY, Guard, Badge No. 11852, Lello, Guard, Badge No. 6435, Defendants–Appellees.**

No. 01–0259–PR.

United States Court of Appeals, Second Circuit.

May 11, 2005.

Michael A. Cardozo, Corporation Counsel, New York, New York (Stephen J. McGrath, Cheryl Payer), for Appellees, of counsel.

Garrick John, Miami, Florida, for Appellant, pro se.

PRESENT: SOTOMAYOR, B.D. PARKER, and WESLEY, Circuit Judges.

SUMMARY ORDER

Appellant Garrick John ("John"), *pro se,* appeals from the judgment of the district court vacating the default judgment against the appellees and dismissing, without leave to amend, his complaint which alleged violations of the First and Fourteenth Amendments of the United States Constitution. We assume the parties' fa-

miliarity with the factual and procedural background of this case and the specification of appellate issues.

A district court may set aside an entry of default or default judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. We review a district court's grant of such relief for abuse of discretion. *See Gucci America, Inc. v. Gold Center Jewelry,* 158 F.3d 631, 634 (2d Cir.1998) (Rule 60(b)); *Marziliano v. Heckler,* 728 F.2d 151, 156 (2d Cir.1984) (Rule 55(c)). Although appellees moved for relief under Rule 55(c), we review the district court's grant of relief under the more rigorous standard applicable to a Rule 60(b) motion because a default judgment was entered. *See American Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir.1996). Recognizing that "[s]trong public policy favors resolving disputes on the merits," we conclude that the district court's vacatur of default judgment was not abusive of its discretion. *Id.* at 61–62 (declining to expand willfulness standard to include careless or negligent errors); *see also Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) ("[D]elay alone is not a sufficient basis for establishing prejudice.").

We review *de novo* a district court's dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6), "taking all factual allegations as true and construing all reasonable inferences in the plaintiff's favor." *Lee v. Bankers Trust Co.,* 166 F.3d 540, 543 (2d Cir.1999). "Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks omitted). We review a denial of a motion for leave to amend for abuse of discretion. *See Jones v. New York State Div. of Military and Naval Affairs,* 166 F.3d 45, 49 (2d Cir.1999). Leave to amend "shall be freely given when justice so re-

quires." *See* Fed.R.Civ.P. 15(a); *see also Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991) (holding district court should not dismiss *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated"). We conclude that, for substantially the reasons set forth by the district court, John's original complaint failed to state a claim and the district court's denial of leave to amend, as it relates to the claims of ineffective assistance of counsel, procedural due process, and disparate treatment, was not abusive of its discretion.

The district court's denial of leave to amend, as it relates to the claim of interference with legal mail, however, was improper. "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir.2003). To state a valid access-to-the-courts claim, a prisoner must allege that the prison officials' deliberate and malicious interference resulted in "actual injury," such as the dismissal of an otherwise meritorious legal claim on direct appeal. *See Lewis v. Casey,* 518 U.S. 343, 349, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To state a valid free speech claim, a prisoner must allege that the "prison officials regularly and unjustifiably interfered with the incoming legal mail." *Davis,* 320 F.3d at 351 (internal quotations marks omitted). "We [have] determined that as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering justifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Id.* (citing *Washington v. James,* 782 F.2d 1134, 1139 (2d Cir.1986)). In denying leave to amend, the district court

**508**

found that the proposed amended complaint, at best, supported a claim that John was not allowed to *retain* photocopies of money and Western Union checks at the conclusion of a meeting with his counsel. This finding was in error. In the proposed amended complaint, John alleged that he was not allowed to *examine* the photocopies on two occasions, first, when the photocopies were confiscated from his legal mail and, later, at the meeting with his counsel. John further alleged that, because of the appellees' actions, he was not able to challenge a state witness or locate and question individuals to prepare a meaningful defense. While the district court intimated that counsel's ability to examine and retain the photocopies mitigated against any injury, "[t]he issue at this stage 'is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" *McEachin v. McGuinnis,* 357 F.3d 197, 201 (2d Cir.2004) (quoting *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998)).[1] We therefore vacate the district court's dismissal of John's claim of interference with legal mail with prejudice and without leave to amend and remand for further proceedings.

We have considered the parties' remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED in part, and VACATED and REMANDED in part.

---

**1.** We state no view on whether other grounds exist to dismiss the complaint once it is amended. For example, John has not yet specified the forum of the court proceedings with which appellees interfered and if those proceedings involved a state criminal action; the district court may have to consider whether *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars the interference with legal mail claim, *see Hoard v. Reddy,* 175 F.3d 531 (7th Cir.1999); *Nance v. Vieregge,* 147 F.3d 589, 591 (7th Cir.1998), and requires dismissal with or without prejudice, *see Amaker v. Weiner,* 179 F.3d 48, 52 (2d Cir.1999).