09-4476-cv,
Keebler v. Rath

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,
> PAUL A. CROTTY,*
> *District Judge.*

_____

Brian Keebler,

> *Plaintiff-Appellant,*

> v.                                                                09-4476-cv

James Rath, also known as redmanstudios.com,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Brian Keebler, *pro se*, Ogdensburg, NY.

FOR DEFENDANT-APPELLEE:                    ----

_____

*Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the judgment of the United States District Court for the Southern District of New York (Lisa Margaret Smith, *M.J.*).[**]

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Brian Keebler appeals from the District Court's judgment in favor of Defendant James Rath following a bench trial, challenging only the District Court's order granting Rath's motion to vacate the default judgment against him, and the District Court's order granting a non-party's motion to quash Keebler's subpoena. We assume the parties' familiarity with the facts and proceedings below, and hold as follows.

A district court may set aside an entry of default judgment in accordance with the provisions of Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 55(c). Resolution of a motion to vacate a default judgment is "addressed to the sound discretion of the district court," bearing in mind that we have expressed a "strong preference for resolving disputes on the merits," and that all doubts must be resolved in favor of the party seeking relief from the default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted). On appeal, "we review *de novo* a District Court's legal interpretation of the Federal Rules of Civil Procedure and review for clear error any factual findings that underlie the court's resolution of a Rule 60(b) motion." *Id.* at 105.

Rule 60(b) provides, in relevant part, that a district court may vacate a judgment as a result of "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). More specifically, in determining whether to relieve a

---

[**]The parties consented to the exercise of jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c).

2

party from default or from a default judgment, courts should consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id*. "[D]efaults . . . are particularly disfavored by the law when . . . substantial sums of money are demanded." *Id.* at 97.

The District Court granted the motion to vacate the default judgment, finding that Rath had not willfully failed to answer Keebler's amended complaint and that Keebler would not suffer substantial prejudice from vacatur of the default judgment. In establishing "willfulness" in this context, this Circuit has required more than mere negligence or carelessness, but we have found it established "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Further, "[a] default is not willful when it was caused by 'a mistake made in good faith.'" *Swarna v. Al-Awadi*, Nos. 09-2525-cv (L), 09-3615-cv (XAP), 2010 WL 3719219, *15 (2d Cir. September 24, 2010) (quoting *Enron*, 10 F.3d at 96)). In *Swarna*, an earlier claim against the defendants had been dismissed on grounds of diplomatic immunity, such that when a claim alleging essentially the same claims was brought, they "believed that the second suit would also be dismissed without any action on their part." *Id.* This Court found that "[t]his conduct suggests that defendants' default was not willful but instead based on mistaken belief." *Id.* Similarly, here, Rath and his attorney suggested to the District Court that the earlier dismissal of Keebler's initial complaint played a role in the failure to respond to the complaint in these proceedings, even

3

though the record does reflect that Rath was served with the papers relevant to Keebler's prior appeal, this Court's decision, and the ensuing District Court proceedings. Particularly since it is unclear from the record that Rath's counsel, and not just Rath himself, was ever served with Keebler's motion for a default judgment and the record does not establish that the default was deliberate or intentional, *see Gucci America, Inc. v. Gold Center Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998), we cannot say the District Court abused its discretion in finding the default not to be willful under these circumstances.

Moreover, Keebler has failed to demonstrate that the District Court erred in concluding that he would not suffer substantial prejudice from vacatur of the judgment, and indeed his argument on this point is belied by his suggestion that his case hinged on the business records on his forfeited hard drives. Further, while Rath's attorney did not, in moving for a default judgment, attempt to establish the existence of a meritorious defense, Rath did assert, albeit in conclusory fashion, that he and Keebler had never been in business together and that the total amount in controversy was only $7,500, as opposed to the $1,650,000 demanded by Keebler. *See Enron*, 10 F.3d at 97 (noting that defaults are "particularly disfavored . . . when substantial sums of money are demanded"). Considering all these factors, we hold that the District Court did not abuse its discretion in vacating the default judgment in this case.

With respect to the order quashing Keebler's subpoena, we review a district court's ruling on a motion to quash a subpoena for abuse of discretion. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). A district court abuses its discretion when its decision rests on an error of law or a clearly erroneous factual finding, or when its decision "cannot be located within the range of permissible decisions." *Id*. (internal quotation mark omitted). Pursuant to

4

Fed. R. Civ. P. 45(c)(3)(A), a court "must quash or modify a subpoena that . . . subjects a person to undue burden."

Here, to the extent that Keebler's subpoena required the Sullivan County District Attorney's Office to review over 83,000 computer files, at a cost of over $80,000 in salary and benefits, it clearly constituted an "undue burden."  While Keebler argues that the District Court could have alleviated this burden by limiting the subpoena to certain identifiable materials, there is no indication that he raised this argument in the District Court, and, generally, we "refrain from passing on issues not raised below," *Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004)).  In any event, Keebler has not established that the District Court abused its discretion in failing to *sua sponte* modify the subpoena in this respect.

We have considered Keebler's other arguments on appeal and find that they are without merit or moot.  Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk